(657 P.2d 79)

No. 54,367

STATE OF KANSAS, *Appellee,* v. ROBERT RODRIQUEZ, *Appellant.*

Opinion filed January 20, 1983.

*William D. Mize,* public defender, of Salina, for the appellant.

*Mickey W. Mosier,* assistant county attorney, *Robert T. Stephan,* attorney general, and *William Rex Lorson,* county attorney, for the appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by defendant Robert Rodriquez from a conviction for indecent liberties with a child in violation of K.S.A. 21-3503, a Class C felony.

Only two issues are raised on appeal: (1) Whether the trial court erred by permitting the mother of the victim to testify as to a statement made by the victim when the victim did not testify at trial; and (2) whether the evidence was sufficient to support the jury's verdict.

The facts are not in dispute. On the morning of June 18, 1981, a four-year-old female child was left alone in the custody of defendant Robert Rodriquez from approximately 8:00 a.m. until 10:00 a.m. Defendant had spent the night at the house with the child's mother, having arrived there at 3:00 a.m. in an intoxicated state. According to defendant, the child was asleep the entire time. Defendant then took her to another residence where she was left with some acquaintances of defendant and the child's mother. After a few hours had elapsed and defendant had not returned or contacted them, the friends telephoned the Salina Police Department. Officer Dennis Garst was dispatched to render assistance. Garst was able to obtain adequate directions from the child as to where she lived and took her home, only to

find that no one was there. Garst left a note on the door and returned with the child to the police station. Officer Garst testified that he was with the child for approximately one hour and she did not complain of any injury. The child did not appear to be upset, but the officer talked with her constantly to keep her calm. At approximately 1:30 p.m., the child was reunited with her mother and left the police station.

Immediately upon leaving the police station, the child told her mother that defendant had touched her with his finger. Her mother asked the child what she had said, and the child again stated that Robert had touched her with his fingers and pointed to her genital area.

The mother immediately proceeded to defendant's residence and confronted him with the child's statement. At the same time, a police officer was present at the scene for an unrelated reason. The mother told the police officer what her daughter had said, and defendant was arrested for the present charge.

The child was then taken to Asbury Hospital and examined by an emergency room physician. The examination took place at approximately 3:00 p.m. The doctor found three separate and distinct injuries to the child's vagina consisting of two superficial tears to the inner vaginal lips and a small abrasion to the left of her urethra. In his opinion, the injuries were caused by the application of force and were probably inflicted within four to six hours prior to the examination, since there were no signs of healing. Because of the abrasion near the urethra, the doctor did not believe the injury was caused by accident.

Defendant was charged with indecent liberties with a child in violation of K.S.A. 21-3503. During the trial, but outside the presence of the jury, a hearing was held to determine whether the four-year-old child was qualified to testify. It was determined, beyond any dispute, that she did not have the capacity to express herself so as to be understood. The child, in effect, refused to answer any questions. Consequently, the trial court found her to be disqualified as a witness under K.S.A. 60-417.

Thereafter, in the presence of the jury, the court permitted the child's mother to testify as to the statements made by the child as they left the police station.

Defendant then testified that the child was in his exclusive care from 8:00 a.m. until 10:00 a.m., asleep in her mother's bed,

and that absolutely nothing happened. He vehemently denied molesting the child and did not know who had molested her.

The jury found defendant guilty. Defendant's motions for acquittal and new trial were denied and defendant was sentenced to one to ten years. Defendant now appeals.

Defendant first contends that the trial court erred by permitting the mother to testify as to the statements made by her child. Defendant maintains that such testimony is impermissible hearsay testimony that is not in compliance with K.S.A. 60-460, and further violates his Sixth Amendment right of confrontation.

K.S.A. 60-460 provides:

"Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

. . . .

"(d) *Contemporaneous statements and statements admissible on ground of necessity generally.* A statement (1) which the judge finds was made while the declarant was perceiving the event or condition which the statement narrates, describes or explains, or (2) which the judge finds was made while the declarant was under the stress of a nervous excitement caused by such perception, or (3) if the declarant is unavailable as a witness, a statement narrating, describing or explaining an event or condition which the judge finds was made by the declarant at a time when the matter had been recently perceived by the declarant and while his or her recollection was clear, and was made in good faith prior to the commencement of the action and with no incentive to falsify or to distort;"

The trial court found that the statements were admissible under either K.S.A. 60-460(*d*)(2) or (3). The trial court made its reasoning in a memorandum decision concerning defendant's post-trial motions:

"This court has concluded the statements were properly admitted under K.S.A. 60-460(*d*)(2) or (3). Specifically, the court believes the statements made by [the child] approximately four hours after leaving Defendant's custody and *immediately* upon being reunited with her mother were made under the stress of nervous excitement caused by perception of the event when the matter had been recently perceived and while [the child's] recollection was clear, made in good faith with no incentive to falsify or to distort. It is pertinent that the statements were not solicited by the mother or elicited in an interrogational manner; rather the statements were spontaneous, directed against the Defendant with whom she had had an affectionate paternal relationship, and immediately made when she was returned to the one person she could trust and confide in, her mother. There is nothing in the evidentiary record to indicate the child's statements were made except in good faith with no incentive to falsify or distort. This court finds very persuasive the fact that the child told her mother what happened at her first opportunity. It cannot be considered unusual or extraordinary that a four year

child would be unwilling or psychologically unable to disclose such a personal assault to strangers and nonrelatives. (*State Vs. Noble,* 322 So. 2d 170; *State Vs. Jones,* 204 K. 719; *Heflin V. State,* supra, and 89 ALR 3rd 102)."

A review of the record reveals that the trial court's findings are well supported by the evidence presented.

Defendant's constitutional argument was most recently addressed in *State v. Myers,* 229 Kan. 168, 625 P.2d 1111 (1981), and in *Ohio v. Roberts,* 448 U.S. 56, 65 L.Ed.2d 597, 100 S.Ct. 2531 (1980). In *Myers,* the court stated:

"In determining the admissibility of hearsay evidence under one of the exceptions to the hearsay rule, a trial court must also consider the application of the confrontation clauses as contained in the Sixth Amendment and also in Section 10 of the Bill of Rights of the Kansas Constitution. Both constitutions guarantee to a defendant in a criminal case the right to be confronted with the witness against him. In the recent case of *Ohio v. Roberts,* 448 U.S. 56, 65 L.Ed.2d 597, 100 S.Ct. 2531 (1980), the United States Supreme Court considered the relationship between the confrontation clause and the hearsay rule with its many exceptions. The court recognized that hearsay evidence may be admissible in a criminal trial, under certain exceptions to the hearsay rule, without violating the right of confrontation. The court emphasized that the confrontation clause reflects a preference for face-to-face confrontation at trial, and that 'a primary interest secured by the provision is the right of cross-examination.' Simply stated, the court recognized that the impact of the right of confrontation is to place limitations on the admissibility of hearsay evidence in criminal cases which are not applicable in civil cases.

"In *Ohio v. Roberts,* the court stated that the confrontation clause operates in two separate ways to restrict the range of admissible hearsay. The first is a rule of necessity; that is, the prosecution must either produce or demonstrate the unavailability of declarant whose statement it wishes to use against the defendant. The second aspect operates once a witness is shown to be unavailable; then the clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule,' which is to augment accuracy in the fact-finding process by ensuring the defendant an effective means to test adverse evidence. Thus, said the court, for hearsay testimony to be admissible, there must be a showing of 'indicia of reliability' so as to 'afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement.' In the opinion, Justice Blackmun summarized the requirements of the confrontation clause in the following language:

" 'In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.' p. 608." pp. 171-72.

In summary, the court held that in a criminal case, where a

hearsay declarant is not present for cross-examination at trial, the confrontation clause requires a showing (1) that the witness is unavailable and (2) that the statement bears adequate indicia of reliability or guarantees of trustworthiness. On this point, the trial court relied heavily upon the testimony of a child psychologist who testified outside the presence of the jury in the portion of the trial dedicated to determining whether the child was qualified to testify. The psychologist was of the opinion that the child was capable of understanding the moral duty of telling the truth. She was able to tell the doctor what had happened by using drawings and simplified anatomical charts. He spent approximately two hours testing her and concluded she was of normal intelligence, somewhat behind her age group as to receptive vocabulary skills, and had not been programmed by her mother. The trial court concluded that the evidence clearly indicated that the child made the statements to her mother in good faith and with no incentive to falsely accuse defendant. Under the totality of the circumstances, we conclude that defendant was not denied his constitutional right of confrontation.

Defendant's final contention is that the jury's verdict was not supported by sufficient evidence. In *State v. Douglas*, 230 Kan. 744, Syl. ¶¶ 2, 3, 640 P.2d 1259 (1982), the court reviewed the applicable standard of review:

"When the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt."

"The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained."

Defendant was charged under K.S.A. 21-3503, which provides in part:

"(1) Indecent liberties with a child is engaging in either of the following acts with a child under the age of sixteen (16) years who is not the spouse of the offender:

"(a) The act of sexual intercourse;

"(b) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

A review of the evidence, in its best light, reveals that the following was established: (1) Defendant had exclusive custody

of the child from 8:00 a.m. until 10:00 a.m. (2) The child was not engaging in any activity reasonably calculated to cause such injury. (3) Defendant was very well-acquainted with the child. (4) The child was very fond of defendant. (5) Defendant had been drinking to excess the preceding evening. (6) The child stated to her mother that defendant touched her with his finger on her "privates." (7) Examination by a physician disclosed injury by application of force deep within the vagina. (8) The injury would have occurred within the relevant time frame prior to the examination. We conclude that given the above evidence, a rational factfinder could have found defendant guilty beyond a reasonable doubt.

Affirmed.