No. 55,870

STATE OF KANSAS, *Appellee*, v. JOHN E. MYATT, *Appellant*.

(697 P.2d 836)

18

Opinion filed April 5, 1985.

*Ralph J. DeZago*, public defender, argued the cause, and *Christopher E. Biggs*, of Junction City, was on the brief for the appellant.

*Lloyd R. Graham*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: John E. Myatt (defendant-appellant) appeals from his conviction of indecent liberties with a child. K.S.A. 21-3503. The Court of Appeals affirmed the conviction in an unpublished opinion filed September 13, 1984. We accepted review in order to examine the constitutionality of K.S.A. 60-460(dd).

The defendant had been dating the child victim's mother since January of 1981. Although he did not live with the child's mother, he did have sexual relations with her and occasionally spent the night at her home. The mother left her three children alone with the defendant at various times. The victim, a six-year-old girl, was the oldest child. She had two younger brothers.

In mid-September 1982, the defendant and the mother both

contracted gonorrhea. The child was diagnosed in the first week of October as having gonorrhea. When questioned, she told both an SRS caseworker, Joe Johnson, and a police investigator, Carlos Roman, that the defendant had hurt her in her vaginal area. By pointing to September 5 on the calendar, she indicated to Officer Roman that this "touching" had occurred on that date. The child also told Officer Roman that she was afraid to tell what happened in front of her mother and asked him not to say anything to her.

In November of 1982, the defendant was charged with one count of indecent liberties with a child. The complaint alleged that the act took place in Geary County on or about September 5, 1982. The original complaint alleged that the child had been raped. When the examining doctor determined that the child's hymen was intact, the complaint was amended to allege "lewd fondling or touching." Evidence revealed that gonorrhea is readily transmissible through sexual contact short of intercourse. There was also evidence that gonorrhea may be transmitted through dirty bath towels. The mother testified that she sometimes shared a towel with her daughter.

The defendant, having waived a jury trial, received his bench trial in June 1983. The child did not testify. Both parties had stipulated prior to trial that the child was disqualified to testify. During the trial, the court conducted a hearing pursuant to K.S.A. 60-460(dd) to determine whether the child's out-of-court statements made to Joe Johnson and Carlos Roman were reliable. Based on testimony of the child's psychiatrist, the trial judge determined that the statements were reliable and they were admitted, through the testimony of Carlos Roman and Joe Johnson, under K.S.A. 60-460(dd).

The defendant denied committing the offense. He offered an alibi that he was on duty at Fort Riley on September 5, and did not contract gonorrhea until September 15.

The trial court found the defendant guilty, and specifically found that the offense had occurred around the third week of September rather than on September 5. The court sentenced the defendant to four to fifteen years.

The defendant raised eight issues on appeal. Two of the issues challenged the constitutionality of the new hearsay exception, K.S.A. 60-460(dd). In addition, he alleged numerous errors by

the trial court. In affirming the defendant's conviction, the Court of Appeals found the statute constitutional and the trial court free from error.

K.S.A. 60-460(dd) provides an exception to the rule against hearsay:

"Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

. . . .

"(dd) In a criminal proceeding or in a proceeding to determine if a child is a deprived child under the Kansas juvenile code or a child in need of care under the Kansas code for care of children, a statement made by a child, to prove the crime or that the child is a deprived child or a child in need of care, if:

"(1) The child is alleged to be a victim of the crime, a deprived child or a child in need of care; and

"(2) the trial judge finds, after a hearing on the matter, that the child is disqualified or unavailable as a witness, the statement is apparently reliable and the child was not induced to make the statement falsely by use of threats or promises.

"If a statement is admitted pursuant to this subsection in a trial to a jury, the trial judge shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, any possible threats or promises that might have been made to the child to obtain the statement and any other relevant factor."

The defendant contends that K.S.A. 60-460(dd) is unconstitutional as it violates both the Sixth Amendment right to confront witnesses and the Fourteenth Amendment rights to due process and equal protection. He further contends that even if the statute is constitutional on its face, the trial court improperly applied the statute and allowed admission of unreliable hearsay evidence in violation of his right to confront witnesses.

The Court of Appeals, in an unpublished opinion of this case, upheld the constitutionality of the statute in September of 1984. In November 1984, the Court of Appeals published an opinion which also upheld the statute's constitutionality. See *State v. Pendelton,* 10 Kan. App. 2d 26, 690 P.2d 959 (1984). The constitutionality of this statute has not heretofore been determined by this court.

In 1982, when the Kansas legislature created the child-victim hearsay exception, it became the 30th exception to the rule against admitting hearsay as evidence in trial proceedings. Kan-

sas was one of the first states to enact this type of statute. Research reveals that at least four other states — Washington, Colorado, Utah and Arizona — have recently adopted similar statutes. See Wash. Rev. Code Ann. § 9A.44.120 (1985 Supp.); Colo. Rev. Stat. § 13-25-129 (1984 Supp); Utah Code Ann. § 76-5-411 (1983 Supp.); Ariz. Rev. Stat. Ann. § 13-1416 (1984 Supp). The Supreme Court of Washington has found Washington's new hearsay exception to be constitutional. *State v. Ryan,* 103 Wash. 2d 165, 691 P.2d 197 (1984). Before turning to the constitutionality of the Kansas statute, we will briefly discuss the purpose and function of the child-victim hearsay exception in criminal proceedings.

The rule against admission of hearsay statements stems from the long-established belief that cross-examination is the best vehicle for discovering the truth and that the most reliable statements come from the witness stand. *California v. Green,* 399 U.S. 149, 158, 26 L.Ed.2d 489, 90 S.Ct. 1930 (1970). Despite the importance of cross-examination, exceptions to the hearsay rule have long existed in evidentiary law. Two principles—trustworthiness (or reliability) and necessity—serve as the underlying rationale for exceptions to the hearsay rule. By enacting K.S.A. 60-460(dd), the legislature was recognizing the necessity and inherent reliability of hearsay statements of a child victim.

Often the child victim's out-of-court statements constitute the only proof of the crime of sexual abuse. Witnesses other than the victim and perpetrator are rare as people simply do not molest children in front of others. See Note, *The Sexually Abused Infant Hearsay Exception: A Constitutional Analysis,* 8 J. Juv. L. 59, 59-60 (1984). Most often the offender is a relative or close acquaintance who has the opportunity to be alone with the child. See Note, *A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases,* 83 Colum. L. Rev. 1745 (1983). Depending on the type of sexual contact, corroborating physical evidence may be absent or inconclusive. Skoler, *New Hearsay Exceptions for a Child's Statement of Sexual Abuse,* 18 J. Mar. L. Rev. 1, 5-6 (1984). The child may be unable to testify at trial due to fading memory, retraction of earlier statements due to guilt or fear, tender age, or inability to appreciate the proceedings in which he or she is a participant. Therefore, these hearsay

statements are usually necessary to the proceedings as the only probative evidence available.

It is also beginning to be recognized that a child's statements about sexual abuse are inherently reliable. First, it is highly unlikely that a child will persist in lying to his or her parents, or other figures of authority, about sexual abuse. Second, children do not have enough knowledge about sexual matters to lie about them. 83 Colum. L. Rev. at 1751. Consequently, in light of the need for child hearsay statements in sex abuse cases, as well as their potentially superior trustworthiness to in-court testimony, the traditional reasons for barring use of such hearsay statements become less compelling.

Moreover, the incidence of sexual abuse of young children has increased dramatically in recent years. 83 Colum. L. Rev. 1745. Statistics show that there has been a 200% increase in the reporting of sexual abuse since 1976. By 1980, there were 25,000 reported cases annually. A substantial number of cases are never reported; estimates of the actual incidence vary from 100,000 to 500,000 per year. 83 Colum. L. Rev. 1745, n. 1 .

The hearsay exceptions that existed prior to the enactment of K.S.A. 60-460(dd), even when stretched beyond their logical limits, are inadequate for the admission of necessary child-victim hearsay. In the past, courts employed several means by which the child's out-of-court statements could be admitted. When the child was able to appear and answer questions, his or her prior statements were admitted under K.S.A. 60-460(a). *State v. Fisher*, 222 Kan. 76, 563 P.2d 1012 (1977); *State v. Jones*, 204 Kan. 719, 466 P.2d 283 (1970). This exception was used even when the prior statements were retracted by the child at trial. See *State v. Fisher*, 222 Kan. at 79.

In those cases where the child was unavailable or unable to qualify as a witness, the res gestae and necessity exceptions of K.S.A 60-460(d) were available. Under 60-460(d), statements made at the same time, or close in time with the events perceived, but prior to the commencement of any legal action, were admissible whether or not the child testified at trial. See *State v. Rodriquez*, 8 Kan. App. 2d 353, 657 P.2d 79, *rev. denied* 233 Kan. 1093 (1983). The underlying rationale of the res gestae exception is that any statement arising during this period is assumed to be free of conscious fabrication and is considered trustworthy for that reason. The exclusive use of this exception in child sex

abuse cases is not adequate because it fails to take into account the childhood perspective on sexual experiences which may not include the immediate, emotional shock an adult would feel. "The major weakness of the exception in this context stems from its undue reliance on spontaneity as an indicator of trustworthiness, to the exclusion of other equally valid indicia of reliability." 83 Colum. L. Rev. at 1756. Often, a significant delay precedes the child's statement, thereby violating the time requirement of 60-460(d). This delay may be caused by the victim's fear of not being believed, feelings of confusion or guilt, efforts to forget, and threats against the child by the defendant. 83 Colum. L. Rev. at 1757. Consequently, a child often keeps silent until he or she is somehow compelled to relate what has happened.

"A very young child sexually abused by an adult standing in the position of parent, caretaker or friend cannot be expected to immediately come forward with a complete and exact report of the event. The courts have recognized that the child may be unable to speak about the incident until she considers herself safely in the presence of a compassionate adult whom she can trust. Because the child has no clear understanding of what has been done to her, her 'original complaint' often consists of responses to the questioning of a patient, persistent adult who draws the child's story from her." *State v. Garay*, 453 So.2d 1003, 1007 (La. App. 1984).

Some courts, recognizing the flaws in a mechanical application of the res gestae exception to child-victim hearsay statements, have attempted to apply the exception beyond its established limits by allowing into evidence statements made hours, or even days, after the event. See, *e.g., United States v. Nick*, 604 F.2d 1199 (9th Cir. 1979); *Jackson v. State*, 419 So.2d. 394 (Fla. Dist. App. 1982); *People v. Edgar*, 113 Mich. App. 528, 317 N.W.2d 675 (1982); *State v. Duncan*, 53 Ohio St. 2d 215, 373 N.E.2d 1234 (1978).

Courts have thus tended to stretch existing hearsay exceptions to accommodate a child victim's out-of-court statements because they are deemed uniquely necessary and trustworthy. The problem with "stretching" the existing exceptions in this manner is the destruction of the certainty and integrity of the exceptions. For these reasons, the Kansas legislature enacted the new hearsay exception. Although many statements admissible under the new exception may fall within an older exception, 60-460(dd) is broader. McNeil, *The Admissibility of Child Victim Hearsay in*

*Kansas: A Defense Perspective,* 23 Washburn L.J. 265 1984). The statute is intended to allow the courts to be sensitive to the critical need for a child victim's out-of-court statements, while allowing them to address the various reliability problems posed by the statements, thus protecting the defendant's confrontation rights.

We now turn to analyzing the merits of the defendant's challenges to the constitutionality of this statute.

The confrontation clause of the Sixth Amendment of the United States Constitution provides "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." The application of this section has been extended to the states through the Fourteenth Amendment. *Pointer v. Texas,* 380 U.S. 400, 13 L. Ed. 2d 923, 85 S.Ct. 1065 (1965).

This provision has never been read to exclude the admission of all hearsay evidence, but it has placed significant limits on the use of such evidence. Admitting a declarant's out-of-court statements in situations where the declarant is available probably does not violate the confrontation clause. *California v. Green,* 399 U.S. at 158-61. However, when the declarant is not testifying and is unavailable to be cross-examined, the use of hearsay exceptions must fulfill certain constitutional requirements. In *Ohio v. Roberts,* 448 U.S. 56, 65 L.Ed.2d 597, 100 S.Ct. 2531 (1980), the United States Supreme Court established a two-part test for determining whether admission of out-of-court statements of a witness who does not testify at trial violates the defendant's right to confrontation. First, the witness must be unavailable. Second, the witness's out-of-court statements must have "adequate indicia of reliability."

"Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. *In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.*" (Emphasis added.) 448 U.S. at 66.

K.S.A 60-460(dd) allows for the admission of a child victim's hearsay statements only if the two prongs of *Roberts* are met. First, the trial judge must hold a hearing to determine whether the child is disqualified or unavailable as a witness. See K.S.A. 60-417. A child is considered to be unavailable for constitutional purposes if the trial court determines that the child is incompe-

tent to testify. *Lancaster v. People*, 200 Colo. 448, 453, 615 P.2d 720 (1980).

If the trial judge finds the child is "unavailable," he must determine if the statement is "apparently reliable" and "the child was not induced to make the statement falsely by use of threats or promises." See K.S.A. 60-460(dd). It is apparent to this court the legislature intended to incorporate the *Roberts* standard for admissibility into this statute. Through the use of the words "apparently reliable" it is implicit that the judge must find the evidence contains "particularized guarantees of trustworthiness" since the new statute is not a "firmly rooted hearsay exception."

The determination of reliability and trustworthiness must be made on a case-by-case basis. Such factors as the age of the child; his or her physical and mental condition; the circumstances of the alleged event; the language used by the child; the presence of corroborative physical evidence; the relationship of the accused to the child; the child's family, school, and peer relationships; any motive to falsify or distort the event; and the reliability of the testifying witness can be examined. See, *e.g., United States v. Nick*, 604 F.2d 1199; *State v. Rodriquez*, 8 Kan. App. 2d at 355-57. Contrary to the defendant's argument, the statute does not allow admission of the hearsay statements of a child victim for the sole reason that the statement was made by a child.

Therefore, we hold K.S.A. 60-460(dd) does not per se violate the Sixth Amendment right to confrontation.

Does the statute, as applied, violate the defendant's right of confrontation? The defendant argues there were insufficient guarantees of trustworthiness to support the admission of the child's statements at trial. Based on the reasoning of *State v. Rodriquez*, 8 Kan. App. 2d 353, the Court of Appeals held there were sufficient guarantees of trustworthiness to satisfy the confrontation clause and, therefore, the statements were properly admitted.

The first prong of the *Roberts* test for the admissibility of out-of-court statements of a witness who does not testify is whether that witness is unavailable. In this case, both parties stipulated at trial the child was disqualified as a witness. Therefore, the first prong of *Roberts* was satisfied. The defendant does not argue this point.

The defendant does argue that the second prong of *Roberts* was not met. *Roberts* requires that hearsay statements must have "adequate indicia of reliability" before they can be admitted. As noted earlier, since the child's statements were admissible only under K.S.A. 60-460(dd), which is not a "firmly rooted" hearsay exception, the test for reliability is whether the evidence contains "particularized guarantees of trustworthiness."

In this case there were sufficient guarantees of trustworthiness to support admission of the hearsay statements. The State's expert witness — an M.D. specializing in child psychiatry — concluded that the child's statements were reliable. He spent four 50-minute sessions with the child and spoke with her foster parents and teacher. At the doctor's request, the child demonstrated what had happened with anatomically correct dolls. The doctor could discern no motive for falsification and concluded that she knew the difference between right and wrong and her statements were reliable. Further, the child's statements were corroborated by the medical evidence that she had contracted gonorrhea, under circumstances where both the defendant and the child's mother had the disease.

We do not here hold that there must be testimony of a psychiatrist and corroborating physical evidence before the statements are admissible under 60-460(dd) — these are merely factors to be considered in determining reliability. See, *e.g. State v. Pendelton*, 10 Kan. App. 2d at 31-32. Also, under 60-460(dd) the length of the delay between the statement and the alleged event is not a determinative factor.

In this case, there was apparently no motive for the child to fabricate her story. She was very young at the time—six years old—and probably had no clear understanding of what had been done to her. The defendant stood in the position of her "parent" and she was quite likely afraid to speak about the incident. Considering that her mother refused to believe her daughter's story, it is not surprising that the child did not "talk" until the story was drawn from her by a patient and persistent adult.

The defendant calls to our attention various facts which he believes indicate the child's statements were not "trustworthy." First, the psychiatrist indicated that if he had known the defendant had never been alone with the child and did not have gonorrhea when he was alleged to have given it to the child, he

would have taken these factors into account before concluding her statements were reliable. After reviewing the record, we find there was sufficient evidence for the court to have concluded both that the defendant had occasionally been alone with the child and that he had gonorrhea prior to when the child contracted it.

The defendant also argues that it was inconsistent for the trial court to have found the child's statements about the abuse reliable, while discounting her statement about when the abuse occurred. It seems reasonable that, although a young child may not clearly comprehend the meaning of dates and time, the child will be well aware of, and remember, sexual acts inflicted upon her person.

The defendant also points out that the child's mother testified the child told her the defendant never touched her. The court, as the trier of fact in this case, undoubtedly took this factor into account in weighing the reliability of the hearsay statements.

The trial court complied with the statutory requirements by finding the witness unavailable and determining the hearsay statements were "apparently reliable" before admitting them. The trial court did not abuse its discretion in finding the statements were trustworthy. Therefore, there was no violation of the defendant's confrontation rights in this case.

The defendant also contends that K.S.A. 60-460(dd) denies him the Fourteenth Amendment rights of due process and equal protection. He argues that the statute is fundamentally unfair because it does not permit admission of hearsay statements of a disqualified witness which might exculpate a defendant.

The Court of Appeals held that since the defendant did not seek admission of exculpatory statements from an unavailable witness, he lacked standing to raise this issue. We agree.

The defendant asserts that the trial court erred in admitting the child's hearsay statements at the preliminary hearing without a determination that she was disqualified as a witness and that the statements were reliable.

The parties in this action have stipulated that the transcript of the preliminary examination was complete, and that no disqualification hearing was held prior to the preliminary examination.

It has been established that the rules of evidence are to be applied at the preliminary examination. See *State v. Cremer*, 234

Kan. 594, Syl. ¶ 1, 676 P.2d 59 (1984); K.S.A. 60-402. Also, K.S.A. 60-460(dd) specifically requires the judge to hold a hearing to determine both the disqualification of a child witness and the reliability of the hearsay statements prior to the admission of the statements. These requirements were not met by the magistrate at the time of the preliminary hearing. The defendant challenged the sufficiency of the preliminary hearing by a motion to dismiss under K.S.A. 22-3208. The denial of the motion is here for review on appeal. *State v. Smith*, 215 Kan. 34, 37, 523 P.2d 691 (1974).

If the magistrate had complied with the 60-460(dd) requirements prior to the preliminary hearing, he would have found both that the child was disqualified and that her out-of-court statements were reliable. These findings were eventually made prior to the trial on the merits. Accordingly, we find the error of admitting the hearsay statements at the preliminary hearing was harmless. See K.S.A. 60-2105.

The defendant asks us to review three additional issues in which he contends the trial court committed reversible errors.

First, the defendant contends the trial court erred in denying his request for a bill of particulars stating the precise time of the offense.

The information alleged the offense occurred "on or about" September 5, 1982. September 5 was the date the child had shown Officer Roman on the calendar. However, the child's examining doctor determined she could not have contracted gonorrhea until mid-September. After the preliminary hearing, the defendant filed a notice of alibi covering September 5. He then requested a bill of particulars which would state the precise time of the offense. The trial court denied the motion, ruling that a bill of particulars could not aid in the preparation of a defense since the State could only establish an approximate time.

The State need not prove the precise time a crime occurred unless it is an essential element of the offense. The time of the offense is not an essential element of indecent liberties with a child. *State v. Sisson*, 217 Kan. 475, 536 P.2d 1369 (1975); *State v. Wonser*, 217 Kan. 406, 407, 537 P.2d 197 (1975); *State v. Kilpatrick*, 2 Kan. App. 2d 349, 578 P.2d 1147 (1978); K.S.A. 21-3503. As this court noted in *Sisson*, 217 Kan. at 478:

"Where a prosecution is not commenced promptly after the alleged commission of an offense or the event is not otherwise brought to public notice it is not

unusual for uncertainty as to dates to appear particularly when the memories of children are involved."

A bill of particulars has two functions: (1) to inform the defendant of the nature of the charges and the evidence to enable him to prepare a defense, and (2) to prevent further prosecution for the same offense. *State v. Henderson*, 226 Kan. 726, 603 P.2d 613 (1979). The defendant contends that the denial of a bill of particulars stating the precise time of the offense impaired his ability to prepare an alibi defense. We find this argument to be without merit.

The trial court correctly concluded that a bill of particulars would serve no useful purpose. The evidence at the preliminary examination raised the possibility that the offense occurred in mid-September. In *State v. Hill*, 211 Kan. 287, Syl. ¶ 9, 507 P.2d 342 (1973), the court held: "When charges in the information are clarified by facts brought out at the preliminary hearing there is no need for amplification by a bill of particulars, absent a showing of surprise or prejudice." See *State v. Robinson, Lloyd & Clark*, 229 Kan. 301, 308, 624 P.2d 964 (1981).

Here, there was no prejudice from the failure to grant the bill of particulars. The defendant was aware that the evidence of gonorrhea tended to place the crime in mid-September.

Whenever the State does not prove the precise time of an offense, the defendant's ability to prepare an alibi is impaired. This is inherent in the rule that the State need not prove the specific time of the offense, particularly where time is not an essential element of the offense.

Next, the defendant contends the evidence was insufficient to sustain his conviction. He argues that the child's statements were not credible because she said the offense occurred on September 5, one or two weeks before the defendant contracted gonorrhea. We find no merit in this argument.

In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained. *State v. Pham*, 234 Kan. 649, 667-68, 675 P.2d 848 (1984). It is not the function of the

appellate court to reweigh evidence or determine the credibility of witnesses. *State v. Douglas*, 230 Kan. 744, 746, 640 P.2d 1259 (1982).

The trial court found the child's statements about the offense were truthful and reliable, but that she was mistaken about the date. As we have previously stated, this conclusion was not unreasonable.

The evidence established that the defendant had gonorrhea in mid-September. There was evidence indicating that the child also contracted the disease in mid-September. Based on these facts, and the hearsay statements of the child, there was abundant evidence from which the trial court could find the defendant committed indecent liberties with a child *on or about* September 5.

Finally, the defendant argues there was no evidence that the crime occurred in Geary County.

The venue of an offense is jurisdictional. The State must prove that the offense occurred in the county where it is prosecuted. *State v. Moore*, 226 Kan. 747, 750, 602 P.2d 1359 (1979); *State v. Griffin*, 210 Kan. 729, 731, 504 P.2d 150 (1972).

Here there was evidence the child and her mother lived in Geary County. There was also evidence the offense occurred at their home. Joe Johnson testified:

"I asked her was her mother home, present when these things happened. And she said, 'No, she was not at home.'

"She intimated as these things—I asked when these things happened, she said that her mother was at the house—at the store. She verbalized these things, her mother was at the store, and these things happened at that time."

This evidence was sufficient to establish venue in Geary County.

In accordance with the foregoing opinion the judgment of the Court of Appeals affirming the trial court is affirmed.