Elton John MYATT, Petitioner–Appellant,

v.

Robert HANNIGAN and The Attorney General of the State of Kansas, Respondents–Appellees.

No. 87–2745.

United States Court of Appeals, Tenth Circuit.

Aug. 1, 1990.

David J. Gottlieb, Director of the Kansas Defender Project, Lawrence, Kan., for petitioner-appellant.

Gregory G. Hough, Asst. Atty. Gen., Topeka, Kan., for respondents-appellees.

Before SEYMOUR, MOORE and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Petitioner-appellant Elton John Myatt appeals from a dismissal by the United States District Court for the District of Kansas on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There are two issues raised in this appeal: (1) whether Kansas' child hearsay statute, Kan.Stat. Ann. § 60–460(dd), on its face violates the Sixth Amendment right of confrontation; and (2) whether, even if Kansas' child hearsay statute is constitutional on its face, the admission of hearsay statements in this case violated appellant's right of confrontation.

Appellant was convicted after a bench trial of committing indecent liberties with a minor. The facts leading to his conviction are as follows. Appellant was dating the victim's mother since January 1981. Although he did not live with the mother, he did have sexual relations with her and occasionally would spend the night at her home. The mother left her three children alone with appellant at various times.

In mid-September 1982, both appellant and the mother contracted gonorrhea. In the first week of October 1982, the mother's six-year-old daughter was diagnosed as having gonorrhea. When questioned, the girl told a caseworker and a police investigator that appellant had touched her in the vaginal area.

Appellant was charged with committing indecent liberties with a minor. After waiving his right to a jury, he received a bench trial. Both the state and appellant stipulated that the child was "disqualified" from testifying (Tr. at 46), and she did not testify at trial. Instead, the trial court allowed the caseworker and police investigator to testify about their conversations with the child pursuant to Kansas' child hearsay statute, Kan.Stat.Ann. § 60–460(dd). The trial court convicted appellant and sentenced him to fifteen years imprisonment.

After conviction, appellant appealed to the Kansas Court of Appeals, raising eight issues, including the constitutionality of the Kansas child hearsay statute. The court of appeals dismissed his claims in an unpublished opinion. Appellant then appealed to the Kansas Supreme Court. That court held, among other things, that Kan.Stat. Ann. § 60–460(dd) is constitutional on its face and that it was properly applied by the trial court in the instant case. *State v. Myatt*, 237 Kan. 17, 697 P.2d 836 (1985). Appellant then filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas, arguing that the child hearsay statute is unconstitutional on its face and that, even if it is not unconstitutional, the introduction of the hearsay statements in this case violated appellant's Sixth Amendment right of con-frontation. The district court, without holding a hearing, agreed with the Kansas Supreme Court that the hearsay statute is constitutional on its face and that appellant's Sixth Amendment right of confrontation had not been infringed. We affirm.

## I.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." This right of confrontation has been applied to the states through the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923 (1965).

The right of confrontation is deep-rooted in Western legal culture. *Coy v. Iowa*, 487 U.S. 1012, 1015–16, 108 S.Ct. 2798, 2800, 101 L.Ed.2d 857 (1988). By allowing criminal defendants to cross-examine witnesses and by allowing the trier of fact to evaluate the credibility of those witnesses, the right of confrontation promotes both the reliability of criminal trials and the perception of fairness in our criminal justice system. *Lee v. Illinois*, 476 U.S. 530, 540, 106 S.Ct. 2056, 2061, 90 L.Ed.2d 514 (1986). Therefore, the Supreme Court consistently has recognized that "the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer*, 380 U.S. at 405, 85 S.Ct. at 1068.

If the Confrontation Clause were taken literally, it might mean that no out-of-court statements could be admitted against a criminal defendant unless the defendant had the opportunity to cross-examine the declarant. However, the right of confrontation in the Sixth Amendment has never been regarded as absolute. It has long been recognized that in certain cases the right must give way to competing interests in the criminal trial process. *See, e.g., Mattox v. United States*, 156 U.S. 237, 243, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895) ("But general rules of law of this kind, however beneficent in their operation and valuable

to the accused, must occasionally give way to considerations of public policy and the necessities of the case."); *see also* McCormick on Evidence § 252 at 750–51 (3d ed. 1984). Thus, the Supreme Court has "attempted to harmonize the goal of the Clause—placing limits on the kind of evidence that may be received against a defendant—with a societal interest in accurate factfinding, which may require consideration of out-of-court statements." *Bourjaily v. United States*, 483 U.S. 171, 182, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987).

■ In an attempt to reconcile those competing interests, the Supreme Court has held that in order for the prosecution to introduce out-of-court statements by witnesses who do not testify at trial, the prosecution generally will be required to establish both "unavailability" of the declarant and that the hearsay evidence bears "adequate indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–2539, 65 L.Ed.2d 597 (1980). Because hearsay rules and the Confrontation Clause are designed to protect similar values and stem from the same roots, reliability will be presumed where "the evidence falls within a firmly rooted hearsay exception." *Id.* Otherwise, the prosecution must show that the hearsay evidence bears "particularized guarantees of trustworthiness." *Id.*

## II.

Appellant contends that Kansas' child hearsay statute is unconstitutional on its face because it fails to require "adequate indicia of reliability" or "particularized guarantees of trustworthiness" as mandated by the Supreme Court in *Roberts*.[1] We disagree.

■ Kansas' child hearsay statute, Kan. Stat.Ann. § 60–460(dd), provides in pertinent part:

> Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth

of the matter stated, is hearsay evidence and inadmissible except:

> ....
>
> (dd) *Actions involving children.* In a criminal proceeding ... a statement made by a child, to prove the crime ..., if:
>
> (1) The child is alleged to be a victim of the crime ...; and
>
> (2) the trial judge finds, after a hearing on the matter, that the child is disqualified or unavailable as a witness, the statement is apparently reliable and the child was not induced to make the statement falsely by use of threats or promises.

Appellant argues that the phrase "apparently reliable" in the statute is not the same as "adequate indicia of reliability" or "particularized guarantees of trustworthiness" as required by *Roberts*. Any doubt about the meaning of the words "apparently reliable" has been resolved by the Kansas Supreme Court. That court held, in appellant's direct appeal of his conviction, that those words incorporate the *Roberts* requirements:

> [T]he [Kansas] legislature intended to incorporate the *Roberts* standard for admissibility into this statute [Kan.Stat. Ann. § 60–460(dd)]. Through the use of the words "apparently reliable" it is implicit that the judge must find the evidence contains "particularized guarantees of trustworthiness" since the new statute is not a "firmly rooted hearsay exception."

*State v. Myatt*, 237 Kan. 17, 25, 697 P.2d 836, 843 (1985). We are bound to accept that interpretation of Kansas law. *See Ewing v. Winans*, 749 F.2d 607, 609 (10th Cir.1984) ("Federal courts must accept a state court's interpretation and application of its constitution and laws unless they are inconsistent with fundamental principles of liberty and justice."), *limited by, Martinez v. Sullivan*, 881 F.2d 921, 926 n. 2 (10th Cir.1989) (modifies *Ewing* to the extent that it is inconsistent with holding that

---

1. Here, both sides agree that Kansas' child hearsay exception is not "firmly rooted" and hence is not presumptively reliable under *Roberts*.

determinations of unavailability and good faith effort to obtain a witness are mixed questions reviewed de novo).

■ Appellant next argues that the Kansas Supreme Court has rendered the child hearsay statute unconstitutional by interpreting it to include a presumption that child hearsay statements are reliable. Appellant refers to a statement by the Kansas Supreme Court that "[i]t is also beginning to be recognized that a child's statements about sexual abuse are inherently reliable." *Myatt*, 237 Kan. at 22, 697 P.2d at 841. We do not read that Kansas Supreme Court's language as creating a presumption of reliability. On the contrary, the Kansas Supreme Court went on in its opinion to state specifically that "[t]he determination of reliability and trustworthiness must be made on a case-by-case basis." *Id.* at 25, 697 P.2d at 843. Thus, the Kansas Supreme Court properly required that child hearsay statements possess adequate indicia of reliability, which must be established on a case-by-case basis, before those statements may be admitted under Kansas' child hearsay statute.

■ Appellant also challenges the constitutionality of Kansas' child hearsay statute based upon the failure of the statute to require corroborating evidence in order for child hearsay statements in sex abuse cases to be deemed reliable. We reject this challenge because the United States Supreme Court recently has held that, for purposes of the Confrontation Clause, the existence of corroborating evidence is not to be considered in determining the reliability of proffered hearsay. *See Idaho v. Wright*, — U.S. ——, ——, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638 (June 27, 1990) ("hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial").

■ Appellant also argues that Kan. Stat.Ann. § 60–460(dd) is unconstitutional because it allows hearsay statements of an incompetent witness to be admitted into evidence. The statute requires that the child be "disqualified or unavailable as a witness" as a condition to admitting the child's hearsay statements. In *Wright*, the Supreme Court rejected the argument that the Confrontation Clause "erect[s] a per se rule barring the admission of prior statements of a declarant who is unable to communicate to the jury at the time of trial." *Wright*, — U.S. at ——, 110 S.Ct. at 3151. Although the child's inability to testify may be relevant to whether the hearsay statements are reliable, in each case the reliability of the statements must be determined from the totality of the circumstances surrounding the statements. *Id.* at —— ——, 110 S.Ct. at 3150–51. Therefore, although Kansas' child hearsay statute permits the admission of hearsay statements of a child unable to testify at trial, the statute is not unconstitutional on its face.

■ Here, before trial both sides stipulated that the child was "disqualified" from testifying pursuant to Kan.Stat.Ann. § 60–417 (1983), which provides in pertinent part:

A person is disqualified to be a witness if the judge finds that (a) the proposed witness is incapable of expressing himself or herself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him or her, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth.

The record does not show whether the child was disqualified under subsection (a) or subsection (b). We are troubled by the possibility that the child was disqualified pursuant to subsection (b) because the inability of the child to understand her duty to tell the truth would severely tend to undermine the reliability of her statements. However, in this case the child's statements were not introduced until after a psychiatrist who had interviewed the child four times testified that the child knew the difference between right and wrong and that her statements were reliable. (Tr. at 49–51.) The psychiatrist's testimony thus counteracts the possible detrimental effect of the statutory disqualification in this case, and the record therefore supports disqualification pursuant to subsection (a).

## III.

Appellant argues that even if the child hearsay statute is constitutional on its face, the hearsay statements admitted against him in this case violated his right of confrontation because they were not reliable. We disagree.

In evaluating the reliability of the hearsay statements, we presume that the factual findings of the Kansas Supreme Court are correct. 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 546–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981). However, the conclusion by that court that the hearsay statements are reliable is a mixed question of law and fact, and hence is reviewed *de novo. See Haggins v. Warden, Fort Pillow State Farm,* 715 F.2d 1050, 1055 (6th Cir.1983) ("whether the admission of the child's statements violated the confrontation clause ... [is a] determination[ ] of law, subject to collateral review by the federal courts"), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984); *cf. Sumner v. Mata II,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982) (the ultimate question of the constitutionality of identification procedures is not subject to a presumption of correctness under § 2254); *Martinez v. Sullivan,* 881 F.2d 921, 925–26 (10th Cir. 1989) (determination of unavailability of a witness is a mixed question of fact and law, reviewed de novo), *cert. denied* —— U.S. ——, 110 S.Ct. 740, 107 L.Ed.2d 758 (1990).

At trial, the judge held a hearing to determine whether the child's hearsay statements were sufficiently reliable under Kansas' child hearsay statute and under *Roberts.* The judge concluded that the statements were reliable, based on the testimony of a psychiatrist who specialized in child psychiatry. (Tr. at 72–73.) The psychiatrist had interviewed the child four times and had used anatomically correct dolls to help the child explain what had happened. (Tr. at 48, 51.) He also had talked with the child's foster parents and teacher. (Tr. at 50.) The psychiatrist testified that, in his opinion, the child was capable of accurately telling what happened, she knew the difference between right and wrong, her statements were reliable, and she had not been induced to make a false statement. (Tr. at 49–51.) Although there were some inconsistencies in the child's story, we do not find that they rise to the level of negating the finding of reliability of the child's testimony.[2]

Considering the record as a whole and the careful procedures followed by the trial court in conducting an evidentiary review of the reliability and trustworthiness of the child's hearsay statements before it was received into evidence, we conclude that here there were "adequate indicia of reliability" and sufficient "particularized guarantees of trustworthiness" to satisfy the Sixth Amendment requirements for introduction of such evidence as interpreted by *Ohio v. Roberts.*

The judgment of the district court dismissing appellant's petition for a writ of habeas corpus is AFFIRMED.

**2.** The inconsistencies relied upon by appellant focus particularly upon uncertainties as to when the indecent liberties occurred, statements that the child allegedly made to family members that appellant did not commit the offense, and statements that appellant was never completely alone with the child. However, the evidence did show that appellant was with the child in the absence of other adults. Although her two siblings may have been with the victim, they were both younger than she was and hence the presence of the siblings could not have been expected to provide any deterrence. The uncertainty of the date of the incident does not sufficiently impair trustworthiness to make her testimony inadmissible. As the Kansas Supreme Court stated, "It seems reasonable that, although a young child may not clearly comprehend the meaning of dates and time, the child will be well aware of, and remember, sexual acts inflicted upon her person." *Myatt,* 237 Kan. at 27, 697 P.2d at 844; *see also, e.g., United States v. Dorian,* 803 F.2d 1439, 1444–45 (8th Cir.1986) (the contradictions in the child's statements did not render them untrustworthy). And, the child's recanting of her statement to family members is not atypical in sex abuse cases. *See* Note, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,* 98 Harv.L.Rev. 806, 807 (1985).