930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Andy RAEL, Petitioner-Appellant,
v.
Robert TANSY, Respondent-Appellee.
 No. 90-2092.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from a district court order denying petitioner habeas relief pursuant to 28 U.S.C. Sec. 2254 from his state convictions on two counts of aggravated assult, N.M.Stat.Ann. Sec. 30-s-2A, and one count of aggravated assault on a peace officer, N.M.Stat.Ann. Sec. 30-22-22A(1), all with firearm enhancement, N.M.Stat.Ann. Sec. 31-18-16, and one count of criminal damage to property, N.M.Stat.Ann. Sec. 30-15-1. These convictions arose out of an incident involving the shooting of the homes of two of petitioner's relatives.
 
 
 3
 Petitioner asserted three claims for habeas relief: 1) the state trial court denied petitioner due process by allowing testimony concerning other wrongful acts involving petitioner occurring subsequent to the crimes charged; 2) the trial court denied petitioner his sixth amendment right to confront witnesses by allowing the admission of hearsay testimony; and 3) defense counsel's representation of petitioner was ineffective and, therefore, violated petitioner's sixth amendment right to counsel, because defense counsel failed to object or failed to object in a timely manner to the admission of both the hearsay and the other wrongful acts testimony.
 
 
 4
 Petitioner's first claim for habeas relief challenged the trial court's admission into evidence of testimony that the witness overheard petitioner offer to pay the witness's husband to kill one of petitioner's cousins and another individual. Petitioner asserted this statement was irrelevant, prejudicial, and not offered for any valid purpose for which other wrongful acts testimony would be admissible. See N.M.R.Evid. 11-401, 11-403, and 11-404B.
 
 
 5
 Petitioner will not be entitled to federal habeas relief on the basis of a violation of state evidentiary rules unless that violation " 'render[ed] the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980)), reh'g en banc on another issue, 888 F.2d 1286 (10th Cir.1989), cert. denied, 110 S.Ct. 3256 (1990). A federal habeas court, therefore, "will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." Id. Reviewing the district court's decision de novo, cf. Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 109 S.Ct. 3169 (1989), we affirm the district court's determination that the state trial court's admission of the murder solicitation testimony did not render the trial fundamentally unfair and, therefore, did not deny petitioner due process.
 
 
 6
 In his second claim, petitioner asserted that the state trial court, by allowing the admission of hearsay testimony, denied petitioner his sixth amendment right to confront witnesses. The trial court allowed a witness to testify that her daughter, petitioner's girlfriend, told the witness that petitioner did the shooting.
 
 
 7
 This court will review the district court's determination de novo. Myatt v. Hannigan, 910 F.2d 680, 685 (10th Cir.1990). The district court determined that this statement bore sufficient indicia of reliability in light of the corroborating testimony of another witness. Independent evidence corroborating the hearsay testimony, however, is not sufficient to establish the inherent trustworthiness of the statement, as required by the confrontation clause. Idaho v. Wright, 110 S.Ct. 3139, 3150-51 (1990). Nonetheless, although admission of the hearsay was a technical violation of petitioner's confrontation rights, the testimony was cumulative at best, and any error committed by its admission was harmless. Cf. Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986).
 
 
 8
 Petitioner's third claim for relief asserted petitioner's trial counsel provided ineffective assistance, in violation of the sixth amendment, in light of defense counsel's failure to object or to object in a timely manner to the admission of the challenged testimony of these two witnesses. In order to establish ineffective assistance of counsel, petitioner bears the burden of establishing both that counsel's performance was deficient and that the deficient performance prejudiced petitioner's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hopkinson, 866 F.2d at 1204. This court reviews the district court's determination de novo. Hopkinson, 866 F.2d at 1204.
 
 
 9
 The district court determined that, while defense counsel's failure to object or to object in a timely manner to these statements fell below an objective standard of reasonableness and, therefore, was deficient, see Strickland, 466 U.S. at 688, petitioner failed to establish that counsel's deficient conduct prejudiced his defense.[1] In order to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 10
 Petitioner asserts that prejudice was conclusively established by the state appellate court's indication that, had counsel properly preserved these evidentiary issues, the state appellate court would have reversed these convictions and granted petitioner a new trial. Because, in reviewing an ineffective assistance claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged," id. at 696, the district court did not err in determining that the state court's indication that it would have reversed petitioner's convictions on appeal had the evidentiary issues been properly preserved did not conclusively establish the prejudice required under Strickland.
 
 
 11
 Rather, the district court properly reviewed the fundamental fairness of the state trial court proceeding, determining that petitioner had failed to establish that counsel's errors deprived him of a fundamentally fair trial. An error of state law justifying reversal in state court is not, in and of itself, an error of constitutional magnitude resulting in the denial of a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974). Because petitioner failed to meet his burden of establishing a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt," id., we affirm the district court's determination that petitioner failed to establish ineffective assistance of counsel in violation of the sixth amendment.
 
 
 12
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We find the district court's determination that petitioner met the first prong of the Strickland test questionable in light of the Court's requirement that petitioner show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [petitioner] by the Sixth Amendment." Strickland, 466 U.S. at 687. Nonetheless, if we can affirm the district court's determination that any errors made by defense counsel failed to prejudice petitioner's defense, we need not address whether counsel's performance was deficient. Id. at 697