948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles S. SHARROCK, Petitioner-Appellant,
v.
Thomas I. COOPER; Gale A. Norton, Attorney General,
Respondents-Appellees.
 No. 91-1097.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 BALDOCK, Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT**
 
 
 2
 Petitioner-appellant Charles S. Sharrock appeals the district court's order denying him habeas relief, 28 U.S.C. § 2254, from his Colorado convictions for sexual assault and burglary.[1] In his federal habeas petition, petitioner essentially asserted five grounds for relief: 1) petitioner's trial counsel was ineffective; 2) the trial court erred in admitting into evidence statements petitioner purportedly made to police while in custody in Texas, after the trial court wrongly determined those statements were made voluntarily; 3) the trial court erred in admitting into evidence an unsigned statement implicating petitioner; 4) petitioner's appelate counsel was ineffective, depriving petitioner of his direct appeal by refusing to assert an ineffective assistance of counsel claim; and 5) the sentencing court erred in interpreting the state sentencing authority.
 
 
 3
 The district court referred the habeas petition to a magistrate judge, who, upon review, recommended denying petitioner habeas relief on the merits of his first four claims and dismissing the fifth claim because petitioner had not yet exhausted available state court remedies. After considering petitioner's objections to the recommendation, the district court adopted the magistrate judge's recommendation.
 
 
 4
 Petitioner appeals from that decision, challenging only the district court's denial of habeas relief based upon the merits of petitioner's first four claims. This court reviews the district court's determination de novo. See generally Myatt v. Hannigan, 910 F.2d 680, 685 (10th Cir.1990) (mixed questions of law and fact reviewed de novo); Hopkinson v. Shillinger, 866 F.2d 1185, 1204 (10th Cir.) (district court's conclusion that counsel rendered effective assistance reviewed de novo), reh'g en banc on other grounds, 888 F.2d 1286 (10th Cir.1989), cert. denied, 110 S.Ct. 3256 (1990).
 
 
 5
 We have carefully reviewed both the district court and the state court records. Not finding any reversible error, we AFFIRM the district court's determination for substantially the reasons stated in the district court's February 22, 1991, order.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 6
 CHARLES STEPHEN SHARROCK, Plaintiff,
 
 
 7
 v.
 
 
 8
 THOMAS I. COOPER and DUANE WOODARD, the Attorney General for
 
 
 9
 the State of Colorado, Defendants.
 
 Civil Action No. 89 N 1048
 Feb. 22, 1991
 ORDER
 
 10
 Charles S. Sharrock, a person in the custody of the State of Colorado, alleges four bases for relief in his habeas corpus petition. First, he urges that he was denied the right to effective assistance of counsel. Second, he alleges that the prosecution was permitted to use a coerced confession at his trial. Third, he claims that he was denied the right to appeal his conviction. Fourth, he asserts that the trial judge misapplied state law by enhancing his sentence. The matter was referred to a United States magistrate judge for purposes of making a recommendation concerning disposition of Mr. Sharrock's petition. See D.Colo.R. 605. The magistrate judge has found against Mr. Sharrock on all grounds and recommended that the petition be dismissed. Petitioner has objected to the recommendation.
 
 
 11
 Effective Assistance of Counsel.
 
 
 12
 Construing the rambling allegations in petitioner's reply brief and his objections to the magistrate judge's recommendation in a light most favorable to him, petitioner alleges a continuing and fundamental disagreement between him and his trial counsel concerning his theory of the case during trial. Petitioner alleges that he wished to present an alibi defense. He suggests that the defense is supported by statements which he gave to Officer Crabill and Captain Stevens of the Lamar Police Department. According to petitioner, he was confronted by each of these policemen on the day after the sexual assault of which he was eventually convicted. He allegedly made a statement to each of these police officers, indicating that he had an alibi.
 
 
 13
 Petitioner asserts that his trial counsel made no attempt to investigate an alibi defense by telephoning Officer Crabill and Captain Stevens to determine whether petitioner had outlined an alibi defense in statements to them. Petitioner also asserts that his defense counsel failed to investigate his claim that a statement he gave after he was arrested by law enforcement officials in Pampa, Texas was the product of duress and coercion applied by the Pampa Police Department. Petitioner implies that counsel's failure to investigate coercion by police officers in Pampa, Texas is related to counsel's failure to investigate the alibi defense: the statement which he gave to police officers admitted his presence at the scene of the sexual assault and claimed that the victim had consented to the assault. Consequently, his alibi defense would have been strengthened had he been able to suppress his statement on the ground that it was the product of coercion.
 
 
 14
 Petitioner alleges that he attempted to assert an alibi defense at all times during the proceedings before the state trial court. He specifically cites certain letters he claims to have written to defense counsel. He asked to dismiss defense counsel, and the state trial court held a hearing on his request on October 29, 1982. Petitioner claims that the difference of opinion between him and his defense attorney flared up at this hearing, during which, according to petitioner, his counsel testified or represented that petitioner had made no attempt to assert the alibi defense. A transcript of this hearing, which would appear to be the best evidence concerning several factual issues which petitioner is raising, is not before the court. It was not a part of the original record on appeal in petitioner's direct appeal and apparently has never been transcribed. At the conclusion of the October 29 hearing, the state trial judge denied the request to dismiss counsel.
 
 
 15
 Citing Strickland v. Washington, 466 U.S. 668 (1984), the magistrate judge concluded that petitioner had failed to demonstrate (1) deficient performance by trial counsel or (2) prejudice such that defendant was deprived of a fair trial. Concerning petitioner's allegations that trial counsel failed to investigate, the magistrate judge found that petitioner's allegations were vague and failed to identify the witnesses whom counsel should have contacted or to state how counsel's deficiencies affected the result of the trial. As for petitioner's pre-trial attempts to dismiss appointed counsel, the magistrate judge was not concerned about the omission of the transcript concerning the October 29, 1982, hearing at which petitioner alleged that he sought to discharge counsel. Instead, the magistrate judge relied on the state trial judge's later findings (1) that petitioner had withdrawn his request to discharge trial counsel and (2) that petitioner's request was an improper request for new appointed counsel, not a request to proceed pro se. Recommendation by United States Magistrate at 5.
 
 
 16
 The absence of a transcript reflecting the hearing held on October 29, 1982, and the magistrate judge's reliance on the state trial judge's findings entered on July 15, 1983, are troublesome. In the state trial judge's order to which the magistrate judge evidently refers, the state trial judge merely recites that he "held a hearing ... and made findings and order denying the motion [the request which defendant made on October 25, 1982, that the public defender be dismissed]." Order Granting Public Defender's Motion to Withdraw, People v. Sharrock, Criminal Action No. 82CR20 (Prowers County [Colo.] Dist.Ct. July 15, 1983), found at I Clerk's Record on Appeal, People v. Sharrock, 83CA0146 (Colo.Ct.App.) at 213. It could be argued that the clearest way of resolving petitioner's allegations concerning his dispute with counsel and counsel's alleged failure to investigate an alibi defense would be to obtain a transcript of the October 29, 1982, hearing and to take other evidence concerning counsel's efforts. This argument points toward the conclusion that petitioner's claim regarding effective assistance of counsel should not be dismissed at this juncture.
 
 
 17
 I have carefully considered this argument and decided that petitioner's claim of ineffective assistance should nonetheless be dismissed. I have done so because my examination of the trial record establishes to my satisfaction that the alibi defense which petitioner proposed to present would have involved the use of perjurious testimony. I know of no rule of law requiring competent defense counsel to participate in concocting a false defense.
 
 
 18
 I conclude that presentation of an alibi defense would have involved the use of perjurious testimony, because the state trial court record sufficiently demonstrates, through petitioner's own words, that he was present at the scene of the crime. He admitted his presence in the statement which he gave to Detective Rick Hollar of the Lamar, Colorado, police department. See I Clerk's Record on Appeal, People v. Sharrock, Case No. 83CA0146 (Colo.Ct.App.) at 21. Assuming, arguendo, that this statement should be given little weight because of petitioner's allegations that it was coerced, other statements by petitioner confirm that he was present at the scene of the crime. On November 1, 1982, he wrote a desultory letter to the state trial judge. In the course of that letter, he informed the judge that, on the morning after the date of the alleged sexual assault (November 18, 1981), he was appearing in the Prowers, Colorado, County Court on an evidently-unrelated civil matter. He then recites the following:
 
 
 19
 Now Sir believe it or not on Nov. 18, 1981 I was using the Bathroom in the courthouse just before I was to go to court. I overheard Ben Franco [Lamar police chief] and a janitor, talking about an incident that happened earlier that morning.
 
 
 20
 A sexual assault and break in had occurred at 303 So11th [the victim's house] around 5 or 6 oclock AM. Guess who spent the nite at 303. So11th. My parents knew I had Stayed there. And they knew of the bathroom conversation of Capt. Franco.
 
 
 21
 I Clerk's Record on Appeal, People v. Sharrock, Case No. 83CA0146 (Colo.Ct.App.) at 57. Similarly, in a statement which he gave to a psychiatrist appointed by the court to evaluate his sanity at the time of the offense and his mental capacity to assist in his defense, petitioner acknowledged that he was present at the scene of the crime. Id. at 33. Petitioner's consistent story to the trial judge and the psychiatrist confirms what he told Detective Hollar in the allegedly-coerced statement: he was present at the scene of the crime and claimed that the victim of the sexual assault consented to his actions. This, in fact, was the defense theory at trial. See Reporter's Transcript of Trial, People v. Sharrock, Case No. 83CA0146 (Colo.Ct.App.) at 132 (defense counsel's opening statement).
 
 
 22
 In light of petitioner's consistent statements to the state trial judge, the psychiatrist, and the police officer, his present allegations concerning trial counsel's incompetence and failure to investigate must be seen for exactly what they are--allegations that trial counsel failed to assist petitioner in concocting a false defense and failed to conduct an investigation concerning this false defense. The two witnesses who, petitioner insists, should have been contacted by defense counsel were Officer Crabill and Captain Stevens. The most which either policemen could have testified to, however, was the fact that petitioner had made a statement to them in which he suggested that he had an alibi. Their testimony concerning defendant's statements would have been inadmissible hearsay. Fed.R.Evid. 801, 802; Colo.R.Evid. 801, 802. Petitioner does not point to a single other witness who would have supported his alibi defense. The trial record fully supports the magistrate judge's conclusion that counsel otherwise performed adequately, that he attempted to suppress the allegedly-coerced statement, that he objected appropriately, and that petitioner received a fair trial. Even if, as petitioner claims, he urged counsel to assert an alibi defense and sought to dismiss counsel when he would not investigate or assert such a defense, the conclusion remains the same. Adequate representation does not require that counsel assert or investigate defenses which are so manifestly perjurious. See Nix v. Whiteside, 106 S.Ct. 988 (1986).
 
 Use of "Coerced" Confession
 
 23
 The magistrate judge's discussion of this issue is thorough and fully justifies the conclusion that petitioner's allegations should be summarily dismissed. Two matters should be underscored. First, as the magistrate judge noted, the admissibility of petitioner's statement was fully explored, out of the jury's presence, in a Jackson v. Denno evidentiary hearing. The state trial judge concluded that the statement had not been coerced and was admissible as evidence. His conclusion is fully supported by the trial record. Second, when petitioner collaterally attacked his conviction by means of a motion under Colo.R.Crim.P. 35(c), the state trial judge, apparently in recognition of petitioner's allegation that there was new evidence which trial counsel's investigation had not disclosed, permitted petitioner ample opportunity to obtain this evidence. The state trial judge even continued proceedings so that petitioner's new counsel could confer with counsel appointed to represent petitioner in an action which petitioner had filed against Pampa, Texas police authorities. The purpose of the continuance was to permit petitioner and his new counsel to obtain information from Texas counsel which would support the allegations that petitioner was abused by the police in Pampa, Texas. Petitioner's new counsel represented to the court that no such evidence had been discovered. Petitioner has had ample opportunity to develop the evidence through trial counsel, new counsel, and Texas counsel. He has failed to do so. I therefore conclude that this claim of coercion is without merit.
 
 Denial of Right to Appeal
 
 24
 Petitioner's claim is without merit. Contrary to his contention, the record reveals that he did appeal his conviction. His real claim is that appellate counsel failed to represent him adequately on appeal, because appellate counsel failed to raise the issue concerning ineffective assistance of trial counsel. It is true that the issue of ineffective assistance of trial counsel does not appear to have been raised on direct appeal. It was, however, raised in petitioner's collateral attack on his conviction and was rejected by the Colorado Court of Appeals. Since both the state trial court and the state appellate court considered this issue on the merits in petitioner's collateral attack of the conviction, petitioner cannot claim any prejudice attributable to the circumstance that the issue was not raised on the direct appeal.
 
 Enhancement of Sentence
 
 25
 As the magistrate judge suggested, the petition discloses on its face that petitioner has failed to exhaust his state court remedies concerning this issue. Specifically, he has never utilized Colo.R.Crim.P. 35(c) to raise the issue. Instead, he claims that it was raised in a previous habeas corpus case filed in this court, and he claims that he raised it before the Colorado Court of Appeals (in Case No. 88CA1196) and before the Colorado Supreme Court (in Case No. 89SA174). Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at 12a. The court of appeals case was closed on December 2, 1988, while the supreme court case was closed on May 23, 1989. Id. at 12b. Both cases were concluded because of procedural improprieties. Plaintiff has never filed a rule 35(c) motion in the trial court, as he must do in order to exhaust his state remedies.
 
 For the reasons recited herein, it is
 
 26
 ORDERED that the petition be dismissed. It is further
 
 
 27
 ORDERED that the clerk of court retain the envelopes containing the state trial court record and the state appellate court proceedings until all appellate remedies are exhausted and this order of dismissal is final.
 
 
 28
 Dated this 22 day of February, 1991.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner's motion for a certificate of probable cause is granted