(770 P.2d 856)

No. 62,927

In The Matter Of: M.O., DOB: 8-6-73.

—

Opinion filed March 31, 1989.

*Craig A. Lubow*, of Kansas City, for appellant.

*Terra D. Morehead*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GERNON, P.J., BRISCOE and ELLIOTT, JJ.

ELLIOTT, J.: M.O. appeals from an adjudication finding him to be a juvenile offender who had taken indecent liberties with a child. K.S.A. 21-3503.

We reverse and remand.

Initially, we must note that M.O. filed his notice of appeal the day following his adjudication. Later, at disposition, M.O. was placed on probation. M.O. did not file a second notice of appeal following disposition. K.S.A. 38-1681(b) provides that a juvenile offender may appeal from an order of adjudication *or* disposition, *or* both. The appeal is to be taken *after*, but within 10 days of, the order of disposition.

In this case, M.O. filed his appeal *before* the order of disposition. Since he could appeal from the adjudication or the disposition, or both, and since, therefore, he need not appeal the disposition, we consider the "premature" notice of appeal an-

alogously covered by Supreme Court Rule 2.03 (1988 Kan. Ct. R. Annot. 6). The premature notice of appeal permits us to consider the merits of the appeal.

The sole issue on appeal is whether the admission of the child victim's out-of-court statements pursuant to K.S.A. 1988 Supp. 60-460(dd) violated M.O.'s constitutional right to confrontation. Confrontational rights, of course, apply to juvenile proceedings. *In re Gault*, 387 U.S. 1, 57, 18 L. Ed. 2d 527, 87 S. Ct. 1482 (1967).

K.S.A. 1988 Supp. 60-460(dd) provides an exception to the hearsay rule for child-victim statements where the trial court finds *"after* a hearing on the matter" (emphasis added) that the child is unavailable as a witness and the child's statement is apparently reliable.

In the present case, the "hearing" contemplated by 60-460(dd) was conducted prior to trial. The trial court simply sustained the State's motion based upon counsel's statements that the child victim was young, had a speech impediment, was very shy, and would not be able to talk to the court. Defense counsel argued that an evidentiary hearing was needed under the statute and lodged a continuing objection to the admission of the child's hearsay testimony.

The trial court received no exhibits, heard no testimony, and did not observe the child.

The constitutionality of 60-460(dd) was upheld in *State v. Myatt*, 237 Kan. 17, 697 P.2d 836 (1985). In doing so, the Supreme Court relied in part on *Ohio v. Roberts*, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980), for the proposition that, in order to protect a defendant's right to confrontation, unavailability and adequate indicia of reliability findings must be made. 237 Kan. at 24-25.

Additionally, the Kansas Supreme Court reminded trial courts that when considering the issue they must find the hearsay evidence contains "particularized guarantees of trustworthiness" because the 60-460(dd) exception is not a "firmly rooted hearsay exception" from which reliability can be inferred. 237 Kan. at 25.

Recently, the Kansas Supreme Court had cause to consider the constitutionality of K.S.A. 22-3434 in light of *Coy v. Iowa*, 487 U.S. _____, 101 L. Ed. 2d 857, 108 S. Ct. 2798 (1988). In *State v.*

*Eaton*, 244 Kan. 370, 769 P.2d 1157 (1989), the Supreme Court again relied on *Ohio v. Roberts* as to a finding "tantamount" to unavailability 244 Kan. at 382. *Eaton* requires particularized findings before closed circuit television testimony is justified.

In the present case, the only support for the district court's findings at the "hearing" were comments by counsel. The trial court did not examine the child victim nor hear testimony from relatives or professionals before sustaining the State's motion to allow hearsay evidence under the 60-460(dd) exception.

In the present case, we hold it was error for the trial court to find the child victim to be unavailable without taking evidence/testimony on the issue. The statutory mandate seems clear—the judge's findings are to be made *after* a hearing on the matter. A hearing should involve more than statements of counsel.

A hearing under these circumstances should contain stipulations, testimony/evidence, or a proffer of evidence pursuant to K.S.A. 60-243, -405. When dealing with a defendant's confrontation rights, more than mere statements of counsel is required. Otherwise, a trial court could not find the particularized guarantees of trustworthiness required by *Myatt*, or the individualized findings required by *Eaton*. See also *State v. Kuone*, 243 Kan. 218, Syl. ¶ 2, 757 P.2d 289 (1988) (stating some factors to be considered in determining unavailability).

Nor are we able to declare our belief that the error was harmless. See *State v. Eaton*, 244 Kan. at 385. In the present case, the mother's testimony certainly corroborates the victim's hearsay statements as to place, time, setting, and sequence of events, but did not corroborate or confirm the alleged sexual touching by M.O. The adjudication simply cannot stand without the hearsay testimony of the child victim.

The adjudication is reversed and the case is remanded for further proceedings.