(821 P.2d 1019)
No. 65,593

STATE OF KANSAS, *Appellee*, v. VINSON D. IRVIN, *Appellant*.

Opinion filed November 22, 1991.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Jerome A. Gorman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., LARSON and RULON, JJ.

LEWIS, J.: This is a direct appeal from the convictions of the appellant for voluntary manslaughter and conspiracy to commit voluntary manslaughter. At the time these crimes were commit-

ted, the appellant was a 16-year-old high school student. After conducting a hearing, the trial court authorized the prosecution of the appellant as an adult. The appellant appeals from that determination, claiming the trial court erred in authorizing his prosecution as an adult.

The basis for the charges against the appellant was the result of a drive-by shooting. In this incident, the appellant, accompanied by several other gang members, fired 22 live rounds of ammunition into the home of a rival gang member. At least one of these rounds struck the victim in the neck, resulting in his death. The evidence indicated that the appellant may have fired the fatal bullet.

The appellant was originally charged as a juvenile. Subsequently, the trial court, acting under K.S.A. 1990 Supp. 38-1636(e), authorized the prosecution of the appellant as an adult.

Before reaching the issue raised by the appellant, we must first determine if we have jurisdiction to hear this appeal.

## JURISDICTION

Because the notice of appeal was not filed within the time required by statute, we raise the issue of jurisdiction. We issued an order to show cause to the appellant as to why his appeal should not be dismissed for lack of jurisdiction. We ultimately requested that the parties brief the issue and present it to the court on oral argument.

" 'This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal. [Citations omitted.]' " *State v. Ortiz*, 230 Kan. 733, 735, 640 P.2d 1255 (1982) (quoting *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 [1980]).

A review of the record shows that, on August 21, 1989, the appellant was ordered to be tried as an adult. On October 10, 1989, the appellant entered a plea of guilty to the crimes for which he stands convicted. He was sentenced to a term of 3 to 11 years in the custody of the secretary of corrections on November 17, 1989. A motion to modify the sentences was filed on December 12, 1989, and denied by a journal entry filed on April 27, 1990. The notice of appeal to this court was not filed until July 5, 1990.

K.S.A. 38-1681(b) provides that a juvenile may appeal from an order of adjudication or disposition, or both, but it must be done within 10 days after the entry of the order of disposition. This court in *In re M.O.*, 13 Kan. App. 2d 381, 382, 770 P.2d 856 (1989), held that, because K.S.A. 38-1681(b) provides for an either/or situation, an appeal will be considered proper if the order is appealed at either time.

Alternatively, K.S.A. 38-1681(a)(1) allows a juvenile to appeal an order authorizing prosecution as an adult in the same manner as other criminal appeals are taken. The statute specifically provides that this may be done even where criminal prosecution has resulted in a judgment of conviction upon a plea of guilty. The general rule in this state regarding time for criminal appeals is that a defendant may appeal within 130 days from the date the sentence is orally pronounced from the bench. K.S.A. 22-3608(1) provides that, if sentence is imposed, an appeal must be taken within 10 days of the expiration of the court's power to modify the sentence. The court has 120 days from the date of sentencing to modify the sentence. K.S.A. 1990 Supp. 21-4603(4). If a motion to modify is timely filed, there is a 10-day period from the date the journal entry is filed to file a notice of appeal. *State v. Myers*, 10 Kan. App. 2d 266, Syl. ¶ 1, 697 P.2d 879 (1985).

In this case, no motion to modify was filed. The appeal time began to run on the date of sentencing, and the notice of appeal was required, at the very latest, to be filed within 130 days of November 17, 1989. The appellant's notice of appeal was not filed until July 5, 1990, long after the 130-day period had expired. As a result, on its face, the notice of appeal was not timely filed, and we are without jurisdiction to hear the appeal unless one of the exceptions to the general rule is found to apply.

In general, Kansas appellate courts do not have jurisdiction to entertain an appeal in a criminal case unless a notice of appeal is filed within the time established by statute. *State v. Ortiz*, 230 Kan. at 735. In *Ortiz*, the Supreme Court recognized an exception to the general rule where "a defendant either was not informed of his or her rights to appeal or was not furnished an attorney to exercise those rights or *was furnished an attorney for that purpose who failed to perfect and complete an appeal.*" (Emphasis added.) 230 Kan. at 736.

In response to our order to show cause, the appellant contends that he is in no way at fault for the late filing of the notice of appeal and that it was his attorney who failed to perfect and complete the appeal. We have reviewed the record and find that the appellant's claim is correct and supported by substantial competent evidence. The appellant's attorney testified that he had advised the appellant of his right to appeal and that his intent was to file a notice of appeal. The attorney further testified that the reason the notice of appeal was not timely filed was due to the fact that he was not notified of the journal entry denying the motion to modify sentence. There is no question but that the appellant and his attorney intended to appeal the decision of the trial court.

Based on the decision in *Ortiz*, this appellant was furnished an attorney for the purpose of filing his appeal, but that attorney failed to perfect and complete the appeal. This constitutes an exception to the general rule under *Ortiz*, and, based upon the evidence, we hold that we have jurisdiction to consider the appeal in the instant matter. This decision is not dependent upon a finding by the trial court of ineffective assistance of counsel.

## *PROSECUTION AS AN ADULT*

The merits of the appellant's appeal concern his argument that the trial court erred in authorizing his prosecution as an adult.

Our scope of review is to determine whether substantial competent evidence supports the trial court's decision. *State v. Meyers*, 245 Kan. 471, 474, 781 P.2d 700 (1989). "Substantial evidence" is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *Williams Telecommunications Co. v. Gragg*, 242 Kan. 675, 676, 750 P.2d 398 (1988).

The Kansas Juvenile Offenders Code permits the trial court to authorize the adult prosecution of any juvenile who is 16 years of age or older at the time of the alleged commission of the offense if there is substantial evidence that the juvenile should be prosecuted as an adult for the offense charged. This decision is governed by K.S.A. 1990 Supp. 38-1636(e). That statute lists eight factors which must be considered by the court in deter-

mining whether adult prosecution should be authorized. The statute provides in part:

"In determining whether or not prosecution as an adult should be authorized, the court shall consider each of the following factors: (1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or against property, greater weight being given to offenses against persons, especially if personal injury resulted; (4) the number of alleged offenses unadjudicated and pending against the respondent; (5) the previous history of the respondent, including whether the respondent had been adjudicated a delinquent or miscreant under the Kansas juvenile code or a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence; (6) *the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern of living or desire to be treated as an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to the expiration of the court's jurisdiction under this code;* and (8) whether the interests of the respondent or of the community would be better served by criminal prosecution. *The insufficiency of evidence pertaining to any one or more of the factors listed in this subsection shall not in and of itself be determinative of the issue.*" (Emphasis added.)

The appellant argues that the trial court did not consider each of the eight factors required by the statute. He further argues that there was no evidence presented by the State bearing on factors (6) and (7) listed above and that this is reversible error. Finally, he submits that too much weight was given to the serious nature of his offense.

In making its decision in this particular matter, the trial court said:

"I'm going to find specifically that this is a serious alleged offense and that specifically the community would require prosecution as an adult due to that seriousness. . . . [T]his is an alleged crime that involves aggressive, violent, or willful action. I'm going to find specifically that this is an offense, an alleged offense, against a person. I'm going to find that the fourth factor, the number of alleged offenses unadjudicated, there's only two, but they both involved violence and willful acts. . . . The previous history of the respondent, I'm going to find that I don't have any information or evidence provided as to his previous history, other than from what it appears his only prior juvenile contact . . . would be that of the simple battery, which is remaining pending for disposition. As to the sophistication and maturity

of the respondent, I do note that he is at the present time 17, and I believe, since his birthday is the 14th of June, 1972—

. . . .

". . . I don't know about his sophistication, but I am going to find that he appears at least to have a sufficient level of maturity about him. As to the facilities or programs available to the Court which are likely to rehabilitate the respondent prior to expiration of the Court's jurisdiction, I haven't been presented any evidence with that, but I don't think that's fatal, . . . considering the provision that any insufficiency of evidence pertaining to one or more of those factors is not going to be dispositive of the issue. And as to number eight, I'm going to find that the interest of the respondent and the community be better served by criminal prosecution as an adult as opposed to juvenile court."

It is the position of the appellant that there must be evidence presented on each factor listed by the statute and that no more weight can be given to one factor over another. We disagree.

First of all, it is apparent from the record that, while there may not have been evidence produced on each factor, the trial court did discuss and consider each factor one by one.

It is clear that the statute does not require that each factor receive equal weight. The statute specifically states that the insufficiency of evidence pertaining to any factor shall not, in and of itself, be determinative of the issue. K.S.A. 1990 Supp. 38-1636(e); *In re Edwards*, 227 Kan. 723, 729, 608 P.2d 1006 (1980).

The appellant's argument that the trial court placed undue weight on the severity of the offense is also without merit. The statute, by its very terms, does not require that the trial court give each factor equal weight. A similar argument was made by the appellant in *State v. Cady*, 248 Kan. 743, 748, 811 P.2d 1130 (1991), which the court rejected, stating:

"Cady argues that the district court, when authorizing Cady's prosecution as an adult, disregarded its protective role in the juvenile justice system and focused solely on the penal nature of the allegations against him. We disagree. There is substantial evidence to support the district court decision that Cady should have been prosecuted as an adult."

The record in the instant matter shows that the trial court considered all eight factors stated in the statute and that it did not place an undue amount of weight on the severity of the offense.

The final argument by the appellant is that there was no evidence presented on each of the factors listed in the statute. We

would assume, for the purposes of this opinion, that the appellant is correct in his assertion. The record does show at least some evidence on whether there were other facilities or programs likely to rehabilitate the appellant. However, other than the appellant's age, there appears to have been little evidence concerning his sophistication and maturity.

We have already pointed out that, although eight factors are listed in the statute, the statute specifically provides that the sufficiency of the evidence pertaining to any one or more of those issues shall not be determinative. Our review of the statute and of the Kansas Supreme Court decisions construing that statute requires us to hold that the statute does not require evidence supporting all eight factors, only that those factors be considered. In the instant matter, the trial court considered all eight factors, and there was substantial competent evidence presented on at least six of those factors. We hold that the failure of the State to present evidence on all eight factors does not require a reversal of the trial court's decision.

Affirmed.