(730 P.2d 1104)

No. 59,196

STATE OF KANSAS, *Appellee*, v. EDWARD L. CLARK, *Appellant*.

—

Opinion filed December 31, 1986.

*Rosanne Piatt*, assistant appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Debra Barnett*, assistant district attorney; *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, P.J., BRAZIL and DAVIS, JJ.

BRISCOE, J.: This is a direct appeal by Edward L. Clark from his jury conviction of three counts of indecent liberties with a child in violation of K.S.A. 1984 Supp. 21-3503. Each count involved a different child: Count I, ten-year-old L; Count II, five-year-old H; and Count III, eight-year-old B. We reverse and remand Count II for a new trial because the trial court failed to instruct the jury on child's hearsay evidence. Counts I and III are affirmed.

The mother of L and H was dating Clark's roommate. She and her children were invited to dinner at the home of defendant Clark on February 10, 1985. They all had visited the Clark home on other occasions in January and February. That afternoon, while the other adults talked in the living room or prepared dinner in the kitchen, the children went into "Uncle Ed's" (as Clark had instructed the children to call him) bedroom to get candy from Clark and to talk on his CB radio. Clark asked L to sit on his lap. When the other children left Clark's bedroom, Clark touched and rubbed L's vaginal area, over her clothing, for about five seconds. Although L "kind of froze" for a few seconds, she was able to get up and leave the room. L realized that her sister, H, had seen Clark on other occasions and went outside to talk with her and ask if Clark had ever touched her. H responded that Clark had touched her and hesitantly showed L where he had

touched her. H also indicated that Clark had touched her on more than one occasion and said that if she told anyone he would not give her any more candy. H and L later told their mother that Clark had touched them "in their private parts."

On March 5, 1985, B went to Clark's home to get her five-year-old brother, T, who was talking on Clark's CB radio. The children went home but later returned to Clark's home to get candy. While the children were eating candy, Clark offered B a one-dollar bill in exchange for allowing him to put his hand down her pants. Although B refused the dollar, Clark put his hand down her skirt and touched her "privates" over her underpants, for less than one minute. B testified that Clark had done this on three other occasions, each time offering her money or candy. T, who witnessed the incident, ran home to tell his mother. His mother sent T back to Clark's house to bring B home. Upon questioning by her mother, B told her what had happened at Clark's home.

Clark was charged with three counts of indecent liberties with a child. At trial, H and T, both five years of age, were found incompetent to testify. Although there is some confusion in the record whether H's statements to L and to her mother were admitted under K.S.A. 1985 Supp. 60-460(d) or 60-460(dd), we attribute this confusion either to misstatement or transcription error. By the trial court's reference to *State v. Lanter*, 237 Kan. 309, 699 P.2d 503 (1985), it is clear the court admitted H's statements under (dd). Statements made by T to his mother were also admitted under 60-460(dd). Clark was convicted on all three counts.

Defendant's first two issues concern the count involving H, Count II. Defendant contends the trial court erred in failing to give the child's hearsay evidence instruction (PIK Crim. 2d 52.21) as mandated by K.S.A. 1985 Supp. 60-460(dd). He also contends the trial court erred in the admission of H's out-of-court statements pursuant to 460(dd) because the statements lacked adequate indicia of reliability. We agree the trial court erred in its instructions and remand Count II for a new trial. Given our resolution of the instruction issue, we need not determine whether H's out-of-court statements were admissible pursuant to 460(dd).

K.S.A. 1985 Supp. 60-460(dd), an additional exception to the

general rule prohibiting hearsay evidence, provides for the admission of out-of-court statements of children but also safeguards a defendant's Sixth Amendment right to confront witnesses by establishing conditions for the admissibility of the statements and by directing the trial court to give an instruction when such statements are admitted:

> *"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except*:
>
> . . . .
>
> *"(dd) . . . In a criminal proceeding* or in a proceeding to determine if a child is a deprived child under the Kansas juvenile code or a child in need of care under the Kansas code for care of children, *a statement made by a child, to prove the crime* or that the child is a deprived child or a child in need of care, *if*:
>
> "(1) The child is alleged to be a victim of the crime, a deprived child or a child in need of care; and
>
> *"(2) the trial judge finds, after a hearing on the matter, that the child is disqualified or unavailable as a witness, the statement is apparently reliable and the child was not induced to make the statement falsely by use of threats or promises.*
>
> *"If a statement is admitted pursuant to this subsection in a trial to a jury, the trial judge shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, any possible threats or promises that might have been made to the child to obtain the statement and any other relevant factor."* Emphasis added.

PIK Crim. 2d 52.21 incorporates the language of the statute as it pertains to how the jury should be instructed when a child's hearsay is received:

> "It is for you to determine what weight or credit to give to the evidence of a statement claimed to have been made by _____ . You should consider (her) (his) age and maturity, the nature of the statement, the circumstances existing when it was claimed to have been made, any possible threats or promises that may have been made to (her) (him) to obtain the statement, and any other relevant factors."

This instruction was not given by the trial court. Instead, the following general witness instruction was given:

> "It is for you to determine the weight and credit to be given the testimony of each witness. You may take into account his ability and opportunity to observe and know the things about which he has testified, his memory, manner and conduct while testifying, any interest he may have in the result of this trial, and the reasonableness of his testimony considered in the light of all the evidence in this case. You have a right to use that knowledge and experience which you possess in common with men in general, in regard to the matter about which a

witness has testified, and you may, of course, utilize your common sense. You must not consider any knowledge or experience that you do not share in common with men in general."

Defense counsel did not object to the instructions given by the trial court, nor did he request the child hearsay instruction (PIK Crim. 2d 52.21). "No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection *unless the instruction is clearly erroneous.*" K.S.A. 22-3414(3); emphasis added.

"An instruction is clearly erroneous when a reviewing court reaches a firm conviction that if the trial error had not occurred, there was a real possibility the jury would have returned a different verdict." *State v. Houck,* 240 Kan. 130, 139, 727 P.2d 460 (1986).

See *State v. Stafford,* 223 Kan. 62, 65, 573 P.2d 970 (1977). Defendant contends the purpose of PIK Crim. 2d 52.21 is to assist the jury with an evidentiary matter which affects the defendant's Sixth Amendment right to confront witnesses testifying against him, and that the failure to give the instruction is reversible error.

The confrontation clause of the Sixth Amendment of the United States Constitution provides "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." In *Ohio v. Roberts,* 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980), the United States Supreme Court established a two-part test for determining whether admission of out-of-court statements of a witness who does not testify at trial violates the defendant's right to confrontation. First, the witness must be unavailable. Second, the witness' out-of-court statements must have "adequate indicia of reliability." In *State v. Myatt,* 237 Kan. 17, 697 P.2d 836 (1985), the Kansas Supreme Court acknowledged the difficulty of proving the sexual abuse of children and recognized the necessity of using a child victim's out-of-court statements because these statements are frequently the only probative evidence available. The court went on to uphold the constitutionality of 60-460(dd), specifically concluding the statute was not a violation of the defendant's Sixth Amendment right to confront witnesses because the *Roberts* two-part test for admissibility was incorporated into the statute.

Once the hearsay statements are admitted under 60-460(dd), the legislature's concern for the protection of defendant's confrontation rights does not end. K.S.A. 1985 Supp. 60-460(dd) also provides "the trial judge *shall* instruct the jury that it is for the jury to determine the weight and credit to be given the [child's hearsay] statement" and continues with an enumeration of factors the jury *shall* consider in this determination. PIK Crim. 2d 52.21 follows the language of 60-460(dd) and is specifically tailored to the unique problem presented by child's hearsay testimony. The instruction focuses directly on the statements "claimed to have been made" by the absent child witness by *naming* the child in the instruction. The instruction reminds the jury to consider the age and maturity of the named child, the nature of the statement, circumstances surrounding the statement, any possible threats or promises made to obtain the statement, and other relevant factors.

The State in the case at bar argues valiantly that the witness instruction given "adequately advised the jury on the K.S.A. 1985 Supp. 60-460(dd) factors to be considered." We disagree. The instruction fails to focus at all upon H's out-of-court statement. Rather, the instruction provides factors to be considered in determining the weight and credit to be given the testimony of any and all witnesses who testified. The instruction specifically refers to the things about which the witness "has testified" and the conduct of the witness "while testifying." No juror would interpret this instruction as addressing factors to be considered in determining the weight or credibility of the statement of H, who was neither called nor testified as a witness. Further, the factors listed in the instruction given do not equate with the factors enumerated in PIK Crim. 2d 52.21. For example, an instruction to consider a witness' "ability and opportunity to observe and know" does not instruct a juror to consider five-year-old H's age and maturity.

If the jury would have had the benefit of the child's hearsay instruction (PIK Crim. 2d 52.21), is there a real possibility it would have returned a different verdict on Count II? The hearsay testimony of H, admitted through L and H's mother, was the only evidence against the defendant on Count II. H was five years old at the time. She did not volunteer the information, but only responded to her older sister's questioning. When L ques-

tioned H, L was upset at the defendant for what he had just done to her and had gone outside to confirm whether defendant had touched H. L testified that at that moment she "really didn't like Ed," that she "hated" him, and that she thought he was a "dirty creep." L told H that the defendant had touched L and then L showed H where defendant had touched her. Then L asked H if defendant had touched her. H replied that defendant had touched her but was hesitant to point to the area of the body that defendant had touched. H did so only after she was assured by L that she had done nothing wrong. Given the circumstances surrounding H's statements to L and the lack of any corroborating evidence in Count II, we find there is a real possibility the jury would have returned a different verdict on Count II if it would have been instructed to consider H's statements in light of the factors enumerated in the child's hearsay instruction, PIK Crim. 2d 52.21.

We do not reach the same result on Count III. Although T's statements to his mother were admitted under 60-460(dd) in support of Count III, defendant's conviction on this count was also supported by direct testimony from B. In addition, T's hearsay statements to his mother were also admitted as part of the *res gestae* of the crime (K.S.A. 1985 Supp. 60-460[d]).

In his final issue, defendant contends the evidence was insufficient to sustain his conviction on any of the three counts. We need address only Counts I and III as they pertain to this issue.

Defendant specifically contends the State presented no evidence of "the intent to arouse or to satisfy the sexual desires of either the child or the offender or both," an essential element of indecent liberties with a child. K.S.A. 1984 Supp. 21-3503. When the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of a charge are sustained. *State v. Baker*, 239 Kan. 403, 409, 720 P.2d 1112 (1986).

In *State v. Gilley*, 5 Kan. App. 2d 321, 324, 615 P.2d 827, *rev. denied* 228 Kan. 807 (1980), also an indecent liberties case, the

court noted: "Intent, like any other element of a crime, may be shown by circumstantial evidence."

The incidents resulting in charges against defendant occurred while defendant was alone with the children after using candy, cookies, or money to lure them into his bedroom or to entice them to comply with his wishes. The evidence also indicated defendant's touching of these children was intentional and not accidental. The location of the touching has no other logical explanation except that the touching was to satisfy the defendant's sexual desires. We find this evidence sufficient to establish that the defendant had the requisite intent to commit the crimes charged in Counts I and III.

Defendant's conviction on Count II is reversed and remanded for new trial. Defendant's convictions on Counts I and III are affirmed.