(236 P.3d 551)
No. 101,819

STATE OF KANSAS, *Appellee*, v. KENNETH D. BROWN, *Appellant*.

Opinion filed August 6, 2010.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Steve Six*, attorney general, for appellee.

Before CAPLINGER, P.J., MALONE and MCANANY, JJ.

MALONE, J.: Kenneth Brown appeals his convictions of aggravated burglary, burglary, and theft of property of a value of more than $1,000. Brown claims the district court violated K.S.A. 60-455 and committed reversible error by admitting evidence at trial of his prior conviction of attempted burglary and by giving an erroneous limiting instruction to the jury.

On January 12, 2006, at approximately 10:30 p.m., 5-year-old Tanielle Ford was lying awake in her bed at 2200 N. 34th Street, in Kansas City, when she heard kicking noises coming from the kitchen. Tanielle opened her bedroom door and, although the lights were off in the house, she saw a male intruder in the kitchen wearing a grey hoodie, blue jeans, and white shoes. Tanielle was not very close to the intruder, and she could not see his face. Tanielle tried to wake her brother, Kevion, and when she turned back around the intruder was running out the back of the house. Tanielle then awakened her mother, Jacinda Ford, and told her that someone broke into their house. Ford entered the kitchen and saw the kitchen door was open and damaged, so she called the police. Officer Scott Kirkpatrick responded to Ford's call, and upon arriving at the residence he noticed the south side door was forced open. Kirkpatrick spoke with Ford and later filed a report about the incident.

Days later, while Tanielle was playing outside with Kevion, she saw a man she believed was the intruder, wearing substantially the

same clothes the intruder was wearing on the night of the break-in. Tanielle pointed the man out to Ford. Upon further investigation, Ford learned that the man often visited the house across the street and discovered that his name was Kenneth Brown. Ford did not immediately report this information to the police.

On March 31, 2006, at approximately 8:30 a.m., Ford walked Kevion and Tanielle to the bus stop and noticed a green Plymouth with Johnson County license plates at her neighbor Lovie Finley's house at 2125 N. 34th Street. Ford knew that Finley was not home at the time and that the Plymouth was not Finley's car, as Ford was friendly with Finley and familiar with her habits. When Ford returned home from walking the children to the bus stop, she continued to watch Finley's house. Ford saw a man she recognized as Brown walk out of the house carrying a television, which he put in the Plymouth before reentering the house. Ford called the police and stayed on the line while watching Brown for 20 to 30 minutes, but he left before the police arrived. When the police finally arrived, Ford provided Officer Scott Hammons with Brown's name, clothing and vehicle description, and license plate number.

Officer Jackie Green later visited Finley's residence after she returned home. Finley told Green that she left for work around 6:30 a.m., locked her doors, and returned around 12:15 p.m. Finley noticed that her patio door was open and that her lamps, tables, televisions, microwave, and assorted other possessions had been stolen. She estimated the value of the stolen property at over $1,000.

On April 12, 2006, Ford again called the police when she saw Brown at another neighbor's house with the same green Plymouth. During this call, she again positively identified Brown as the perpetrator of the Finley burglary. Officer Larry MacArthur responded to the call and contacted Brown at 2416 N. 34th Street, where he saw Brown exiting a green Plymouth Duster. When MacArthur and other police officers approached Brown, he jerked away from the officers and struggled, removed his wallet from his pocket, and then threw it towards a female bystander. Officers recovered the wallet and verified Brown's identity.

The State charged Brown with aggravated burglary of the Ford residence in Count I, burglary of the Finley residence in Count II, and theft of Finley's property of a value of more than $1,000 in Count III. At the preliminary hearing, Tanielle identified Brown as the intruder in the Ford residence even though she admitted that she did not really see his face on the night of the break-in. Prior to the jury trial, the State filed a motion to admit Brown's three prior convictions of burglary and/or attempted burglary as evidence of plan and/or identity pursuant to K.S.A. 60-455. The district court granted the State's motion, but only as it related to one of the three prior convictions, a 2002 conviction of attempted burglary. The district court initially stated that evidence of the 2002 conviction would not be allowed unless the State first established through independent evidence that Brown was in the Ford residence on January 12, 2006. After hearing testimony from Tanielle identifying Brown as the intruder, the district court determined that evidence of the 2002 attempted burglary conviction could be presented to prove intent on Count I of the complaint.

At trial, the State presented evidence consistent with the above-described facts. When the State offered into evidence the journal entry of Brown's 2002 conviction of attempted burglary, the district court gave an oral limiting instruction that "the evidence is solely for the purpose of the motive or intent of the person who was in the house on count one." Brown testified in his own defense. He generally denied the charges and claimed he was being identified as the perpetrator only because he was often seen driving his car around the neighborhood. Prior to jury deliberations, the district court gave the following written instruction: "Evidence has been admitted tending to prove that the defendant committed a crime other than the present crime charged. This evidence may be considered solely for the purpose of showing the defendant's motive and intent." The written instruction did not limit the jury's consideration of the evidence to Count I. During closing argument, however, the State reminded the jury that the 2002 journal entry of conviction was only relevant for determining Brown's intent as he was inside Ford's residence.

The jury found Brown guilty on all three counts. Based on Brown's criminal history, the district court imposed a presumptive sentence of 130 months' imprisonment on Count I, 12 months' imprisonment on Count II, and 6 months' imprisonment on Count III. The sentences on Counts II and III were ordered to run concurrently with each other but consecutive to the sentence on Count I, for a controlling sentence of 142 months' imprisonment. Brown timely appealed.

Brown claims the district court violated K.S.A. 60-455 by admitting evidence at trial of his prior conviction of attempted burglary. Brown first argues that the evidence failed to identify Brown as the intruder in the Ford residence, which the district court had ruled was necessary before the State could present evidence of the prior conviction to prove intent on Count I. Brown also argues that evidence of his prior conviction was not admissible to prove intent or motive, because his intent and motive were not in dispute at trial. Finally, Brown argues that the district court erred by failing to limit the evidence of his prior conviction to Count I of the complaint.

The State responds that there was sufficient identification of Brown as the intruder in Count I in order to admit the evidence of the prior conviction. Although the State concedes that motive was not substantially disputed at trial, the State argues that evidence of the prior conviction was admissible under K.S.A. 60-455 in order to prove intent and plan. Finally, the State argues that any error in the admission of the evidence of the prior conviction was harmless and the district court's limiting instruction to the jury was not clearly erroneous.

When reviewing a district court's decision concerning the admission of evidence, an appellate court first determines whether the evidence is relevant. All relevant evidence is admissible unless prohibited by statute. *State v. Riojas*, 288 Kan. 379, 382, 204 P.3d 578 (2009). Evidence is relevant if it has any "tendency in reason to prove any material fact." K.S.A. 60-401(b). Thus, in order for any type of evidence to be considered relevant, it must be probative to establishing some material fact (*i.e.*, a fact significant under the substantive law of the case). *State v. Vasquez*, 287 Kan. 40, 49-50,

194 P.3d 563 (2008); *State v. Reid*, 286 Kan 494, 504-05, 186 P.3d 713 (2008). The standard of review for whether evidence is material is de novo. *Reid*, 286 Kan. at 505. The standard of review for whether evidence is probative is reviewed under the abuse of discretion standard. 286 Kan. at 509. Finally, even if evidence is material and probative, the district court must decide whether the evidence is unduly prejudicial. The appellate court reviews the determination of whether evidence is unduly prejudicial under the abuse of discretion standard. 286 Kan. at 512; see K.S.A. 60-445.

Once relevance is established, the district court must then apply the statutory rules governing the admission and exclusion of evidence. These rules are applied either as a matter of law or in the exercise of the district court's discretion, depending on the rule in question. Therefore, the standard of review that is applicable on appeal will depend upon which rule the court applied to determine the admissibility of the evidence at issue. *Riojas*, 288 Kan. at 383.

The controlling statute, K.S.A. 60-455, states:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

We are aware that K.S.A. 60-455 was amended in 2009. However, the amendment is not applicable to Brown's case.

The analysis of evidence under K.S.A. 60-455 involves several steps: (1) a reviewing court must determine whether the evidence in question is relevant to prove a material fact; (2) the court must determine whether the particular material fact that forms the basis of the admission is in dispute; (3) the court must determine whether the probative value of the evidence outweighs its potential for undue prejudice; and (4) the court must provide a limiting instruction informing the jury of the specific purpose for admission of the evidence. *State v. Boggs*, 287 Kan. 298, Syl. ¶ 4, 197 P.3d 441 (2008). Error in the admission of or instruction upon K.S.A. 60-455 evidence is not automatically reversible. Rather, it is to be

evaluated on appeal under either K.S.A. 22-3414 or K.S.A. 60-261. *State v. Gunby*, 282 Kan. 39, Syl. ¶ 4, 144 P.3d 647 (2006).

Brown first argues that the district court erred by admitting the evidence of his prior conviction because the State failed to first establish his identity as the intruder in Ford's residence. The district court initially ruled that Brown's prior conviction would not be admitted into evidence unless the State first established through independent evidence that Brown was in the Ford residence. Absent an independent identification, Brown argues the evidence of his prior conviction was not relevant to prove any material fact in dispute.

After hearing testimony from Tanielle, the district court determined that her testimony sufficiently identified Brown as the intruder at the Ford residence. The district court then ruled that evidence of Brown's 2002 attempted burglary conviction could be presented to prove intent on Count I of the complaint. The district court's finding that Tanielle's testimony sufficiently identified Brown as the intruder may be viewed as a finding of fact. An appellate court reviews the district court's findings of fact to determine if they are supported by substantial competent evidence. Substantial evidence is such legal and relevant evidence as a reasonable person might regard as sufficient to support a conclusion. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009). The appellate court does not reweigh evidence, assess the credibility of the witnesses, or resolve conflicting evidence. *State v. Gant*, 288 Kan. 76, 80, 201 P.3d 673 (2009).

Here, Brown points out that the only evidence of identification came from Tanielle's testimony, which was inconsistent and unreliable. Tanielle testified at the preliminary hearing that she did not see the intruder's face on the night of the break-in. Tanielle did not positively identify Brown as the intruder until days later when she was playing outside with Kevion and she saw Brown across the street wearing substantially the same clothes as the intruder had worn on January 12.

Despite Tanielle's youth and somewhat inconsistent testimony, her positive eyewitness identifications furnish sufficient evidence to establish that Brown was the intruder in the Ford residence.

Tanielle identified Brown as the intruder on three occasions. First, she pointed Brown out to Ford in the days following the burglary. Second, she identified Brown at the preliminary hearing. Third, she identified Brown during trial, stating she was "very sure" he was the intruder. Brown's argument requires a reweighing of Tanielle's testimony and credibility, something the appellate court will not do. *Gant*, 288 Kan. at 80. We conclude substantial competent evidence supports the district court's finding that Tanielle identified Brown as the intruder.

Next, Brown argues that the district court erred by admitting his prior conviction as evidence of intent because intent was not in dispute at trial. The State responds that on the charge of aggravated burglary in Count I, the State was required to prove beyond a reasonable doubt that Brown was inside Ford's residence with the specific intent to commit a theft and that Brown disputed this element of the crime by pleading not guilty.

Under K.S.A. 21-3716, aggravated burglary is:

"[K]nowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein."

Therefore, aggravated burglary is a specific intent crime, and here the State elected to prove that Brown intended to commit a theft while inside Ford's residence. The State argues that the actions of the intruder in the Ford residence did not clearly establish that the intruder intended to commit a theft, and so the evidence of Brown's prior conviction of attempted burglary was relevant to prove this material fact.

However, the State's analysis under K.S.A. 60-455 is only partially complete. The State is correct that the evidence of Brown's prior conviction was relevant to prove a material fact, *i.e.*, that Brown intended to commit a theft while inside Ford's residence. However, in order for evidence of Brown's prior conviction to be admissible under K.S.A. 60-455 to prove intent, the court must also determine whether Brown's intent is *in dispute* at trial. See *Boggs*, 287 Kan. 298, Syl. ¶ 4.

In *Boggs*, the Kansas Supreme Court stated that the crucial distinction in admitting other crimes evidence under K.S.A. 60-455 on the issue of intent is not whether the crime is a specific or general intent crime but whether the defendant has claimed that his or her actions were innocent. When the defendant's acts are susceptible to two interpretations—one innocent and one criminal—then the intent with which the actions were committed becomes the critical element in determining their character. However, when a defendant does not assert that his or her actions were innocent but rather presents some other defense, there is no reason to admit evidence of other crimes or civil wrongs to prove intent. 287 Kan. 298, Syl. ¶ 7.

Here, Brown did not assert an innocent explanation for being inside the Ford residence on January 12, 2006. To the contrary, Brown testified at trial and generally denied entering the residence for any reason. Thus, although Brown's intent to commit a theft inside the residence was a material fact that the State was required to prove beyond a reasonable doubt, Brown did not dispute this particular material fact by asserting an innocent explanation for his actions as required in *Boggs*. Brown's not guilty plea was insufficient to place his intent in dispute at trial for purposes of admitting K.S.A. 60-455 evidence. See also *State v. Davidson*, 31 Kan. App. 2d 372, Syl. ¶ 4, 65 P.3d 1078, *rev. denied* 276 Kan. 971 (2003) (defendant is required to assert an innocent explanation for charged conduct before intent will be considered a disputed material issue).

The State acknowledges that generally intent is only in dispute when the defendant asserts an innocent explanation for his or her actions. Nevertheless, the State argues in its brief that "this Court should broaden the requirements for admissibility of K.S.A. 60-455 evidence relevant to intent in burglary and/or aggravated burglary cases, even if prior jurisprudence does not currently demand the same." We decline the State's request to broaden the requirements for admissibility of evidence under K.S.A. 60-455. Intent becomes a disputed issue only when the defendant asserts an innocent explanation for his or her actions. Because Brown did not offer an innocent explanation for his actions, we conclude the dis-

trict court erred by admitting evidence of his prior attempted burglary conviction in order to prove intent.

As previously indicated, the State concedes that motive was not substantially disputed at trial. However, the State argues that evidence of Brown's prior conviction should have been admitted to prove plan. In fact, this was the State's primary argument in district court. The State points to several similarities between the current charges and Brown's prior convictions, including the fact that all the instances involved the burglary of dwellings instead of businesses, theft of common household electronics, forced entry, and targeting of residences in the same community.

In *State v. Prine*, 287 Kan. 713, 735, 200 P.3d 1 (2009), the Kansas Supreme Court held that to admit evidence of prior bad acts to prove plan under K.S.A. 60-455, the evidence must be "so 'strikingly similar' in pattern or so distinct in method of operation as to be a 'signature.'" (Citing *State v. Jones*, 277 Kan. 413, 423, 85 P.3d 1226 [2004].) Here, there are some similarities between the burglary of the Ford residence and Brown's prior convictions, but they do not appear to satisfy *Prine*'s requirement that they be so strikingly similar as to be a signature. 287 Kan. at 735. In fact, the similarities asserted by the State are common to most residential burglaries. We reject the State's assertion that the evidence of Brown's prior convictions was admissible to prove plan.

The State also argued in district court that evidence of Brown's prior convictions should have been admitted to prove identity, but the State does not argue this position on appeal. An issue argued by a party in district court but not briefed on appeal is deemed abandoned. *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007).

We conclude the district court erred by admitting evidence of Brown's prior attempted burglary conviction under K.S.A. 60-455. The error is compounded by the fact that the evidence was supposed to be limited to the aggravated burglary in Count I, but the district court's written jury instruction failed to include that limitation. Brown failed to object to the district court's written jury instruction. Furthermore, we note that when the State offered into evidence the journal entry of conviction, the district court gave an

oral limiting instruction stating that the evidence was admissible only on Count I. Also, during closing argument, the State reminded the jury that the 2002 journal entry of conviction was only relevant for determining Brown's intent as he was inside Ford's residence.

As previously stated, error in the admission of or instruction upon K.S.A. 60-455 evidence is not automatically reversible. Rather, it is to be evaluated on appeal under either K.S.A. 22-3414 or K.S.A. 60-261. *Gunby*, 282 Kan. 39, Syl. ¶ 4. Under K.S.A. 60-261, no error in the admission of evidence is ground for granting a new trial unless refusal to take such action appears inconsistent with substantial justice. The statutory harmless error test requires examination of the trial record as a whole, not just an examination of the error in isolation. *State v. Shadden*, 290 Kan. 803, Syl. ¶ 19, 235 P.3d 436 (2010). Under K.S.A. 22-3414(3), no party may assign as error the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict unless the instruction or the failure to give an instruction is clearly erroneous. Instructions are clearly erroneous only if the reviewing court is firmly convinced that there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred. *State v. Carter*, 284 Kan. 312, 324, 160 P.3d 457 (2007).

Thus, we must evaluate the evidence presented at trial against Brown in order to determine if the error in the admission of the evidence of Brown's prior conviction was harmless and to determine if the error in the jury instruction was clearly erroneous. In evaluating the evidence and the effect of the jury instruction, we must keep in mind that each crime charged against Brown constituted a separate and distinct offense, and the jury was instructed to decide each charge separately. Depending on the circumstances, a trial error may be harmless as to one count but not as to a separate count against the same defendant. *State v. Clark*, 11 Kan. App. 2d 586, 592, 730 P.2d 1104 (1986).

The evidence against Brown on Count I, aggravated burglary of the Ford residence, was far from overwhelming. Tanielle was the only eyewitness to the crime, and her identification of Brown was tenuous when she admitted at the preliminary hearing that she did not see his face on the night of the break-in. Tanielle was never

asked to identify Brown in a lineup or even a photo lineup. Furthermore, there was no physical evidence such as fingerprints to support the charge and Brown did not make any incriminating statements to the police. We are unable to conclude that the district court's error in admitting evidence of Brown's prior conviction was harmless as to Count I.

The State's evidence supporting Counts II and III, the burglary of Finley's residence and theft of her property, was substantially more compelling than the evidence supporting Count I. Ford observed a green Plymouth vehicle at Finley's house on March 31, 2006, at approximately 8:30 a.m. She knew that Finley was not at home and that the Plymouth did not belong at the residence. Ford continued to watch Finley's house, and she saw a man she recognized as Brown walk out of the house carrying a television, which he put in the Plymouth before reentering the house. Ford immediately called the police, and she continued watching Brown *for 20 to 30 minutes* while she stayed on the line with the police. When Officer Hammons finally arrived, Ford provided him with Brown's name, clothing and vehicle description, and license plate number.

On April 12, 2006, Ford again called the police when she saw Brown at another neighbor's house with the same green Plymouth. During this call, she again positively identified Brown as the perpetrator of the Finley burglary. This time the police arrived while Brown was still in the neighborhood. When the police approached Brown, he jerked away from the officers and struggled, removed his wallet from his pocket, and then threw it towards a female bystander. At trial, Brown's only explanation for these actions was that he was attempting to give his identification to the police.

Ford positively identified Brown to the police on two occasions as the man who burglarized Finley's residence. She observed Brown carrying a television out of Finley's residence in broad daylight, and she continued to watch Brown for 20 to 30 minutes while she was on the line with the police. Ford positively identified Brown at the preliminary hearing and at trial as the man who burglarized Finley's residence, and her in-court identifications were not impeached. Ford's pretrial statements to the police and her testimony at the preliminary hearing and the trial always remained

consistent. Finley's testimony that the value of the stolen property exceeded $1,000 was unchallenged. We conclude that the district court's error in admitting evidence of Brown's prior conviction was harmless as to Counts II and III of the complaint. See K.S.A. 60-261.

As for the limiting instruction, we note that when the State offered into evidence the journal entry of conviction, the district court gave an oral limiting instruction stating that the evidence was admissible only on Count I. Also, during closing argument, the State reminded the jury that the 2002 journal entry of conviction was only relevant for determining Brown's intent as he was inside Ford's residence. Although the district court failed to limit the evidence to Count I in the subsequent written instruction, we are not firmly convinced that there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred. See *Carter*, 284 Kan. at 324. Thus, we conclude that the district court's written limiting instruction was not clearly erroneous. See K.S.A. 22-3414(3).

Accordingly, we affirm Brown's convictions in Counts II and III. We reverse Brown's conviction of the primary offense of aggravated burglary in Count I and remand for a new trial. Brown will need to be resentenced depending on the ultimate disposition of Count I.

Affirmed in part, reversed in part, and remanded with directions.